# Ingram's Adm'r v. Advance Motor Co., Inc., et al.

May 14, 1940.

Charles C. Marshall, Judge.

88

Kinsolving & Reasor, Thad Cheatham and Amos Williams for appellant.

Richard Priest Dietzman and L. W. Ross for appellee.

Opinion of the Court by Judge Cammack—Affirming.

The appellee, Advance Motor Company, Incorporated, of Jefferson County, sold an automobile to the other appellee, Paul Tindle, a minor 15 years of age and a resident of Spencer County, on December 17, 1938. About a week later Tindle wrecked his automobile and in the collision Oscar Ingram and his two children were killed. Tindle had asked these parties to ride with him. The appellant, J. ℿ. Ingram, qualified as administrator of the estate of Oscar Ingram and brought this action to recover damages from the appellees under Section 2739m-54 of the Statutes. The demurrer of the Motor Company was sustained. The appellant declined to plead further and judgment was entered dismissing his petition; hence this appeal.

Section 2739m-54 is Section 22, c. 13 of the Acts of the Third Extraordinary Session of 1936. It reads as follows:

"Every owner of motor vehicle causing or knowingly permitting a minor under the age of eighteen years to drive such vehicle upon a highway, and any person who gives or furnishes a motor vehicle to such minor shall be jointly and severally liable with such minor for any damages caused by the negligence of such minor in driving such vehicle."

Section 2739m-37 provides that an operator's license shall not be issued to any person under the age of 16 years.

The title to c. 13, Acts of the Third Extraordinary Session of 1936, is detailed in nature in that it contains each section heading of the Act. The title reads in part as follows:

"An Act relating to the licensing of motor vehicle operators and providing for the definition of terms; and that operators shall be licensed; * * * when parent, guardian, or employer liable for neg-

ligence of minor; *owner liable for negligence of minor;* * * *,"

The italicized part of the title is the heading of Section 2739m-54. Neither the title nor the section makes reference to a dealer, or one who sells a motor vehicle. Section 2739m-53 of the Statutes, which is Section 21 of the Act in question, provides when parent, guardian, or employer is liable for the negligence of a minor under 18 years of age. Generally speaking, this section involves the "family purpose" doctrine. The following section of the Act, the one under discussion, obviously was designed to extend the ramifications of that doctrine to the owner of a motor vehicle who gives or furnishes it to a minor under 18 years of age.

Counsel for the Motor Company vigorously attacks the constitutionality of the Act, while counsel for appellant defends its constitutionality with equal vigor. We have reached the conclusion, however, that the disposition of this case does not require the determination of the constitutionality of the Act. The title to the Act begins with a generally designated subject and is then followed by restrictive language defining, curtailing and limiting the general designation. It has been pointed out frequently that the body of an Act may not go beyond the restrictions in the title. South v. Fish, 181 Ky. 349, 205 S. W. 329; Talbott v. Laffoon, 257 Ky. 773, 79 S. W. (2d) 244; Booth v. City of Owensboro, 275 Ky. 491, 122 S. W. (2d) 118; Jefferson County Fiscal Court v. Thomas, 279 Ky. 458, 130 S. W. (2d) 60. We have noted that one restrictive provision of the title is "owner liable for negligence of minor," and that this restriction is the heading of the section of the statute in question. It is obvious, therefore, that the interpretation of the section insisted upon by the appellant would require that we extend the provisions of the section beyond the restriction in the title, namely, to one who sells. This, as we have said, can not be done.

We have held frequently that in the construction of an Act its title is to be read in connection with it. Bosworth v. State University, 166 Ky. 436, 179 S. W. 403, L. R. A. 1917B, 808, and cases cited therein; Commonwealth of Kentucky v. Kentucky Jockey Club, 238 Ky. 739, 768, 38 S. W. (2d) 987. We think it is clear when the Act is studied in the light of what has been said that

it was not the intention of the general assembly to make one who sells an automobile to a minor under 18 years of age liable for the minor's negligence, and also that any other interpretation would involve directly the constitutionality of at least the twenty-second section of the Act, Section 2739m-54 of the Statutes.

It follows from what has been said that it is our conclusion that the judgment should be and it is affirmed.