## Falender v. Hankins.

Jan. 18, 1944.

Morris, Garlove & Goldsmith for appellant.

Leland Mahan and Edwin O. Davis for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Appellant, Ben Falender, operates the Phoenix Garage at 430 East Broadway, in Louisville. It is a few doors west of the tire company known as "Hurry Up

Broadway." On the 20th day of October, 1942, William Cinnamon was employed by appellant, and was directed by his shop foreman to install a thermostat in the automobile of Ira Humphrey, an official of Hurry Up Broadway. When the work was finished, the foreman directed Cinnamon to deliver the car to its owner at his place of business. Instead of proceeding directly east on Broadway to his destination, Cinnamon drove the car west, thence south to Jacob Street; thence east to Brook Street; and before arriving at his destination collided with appellee's, Betty Lee Hankins', automobile. Cinnamon plausibly explained that he chose the route on which he was traveling in order to test his workmanship before delivering the car to its owner. At the time of the accident, Cinnamon was seventeen years of age; and, if material, he testified that he informed Falender of this fact at the time of his employment. This action was instituted by appellee against Cinnamon and Falender to recover for alleged personal injuries and property damage, by reason of the negligence of Cinnamon in the operation of the car which was furnished him by his employer to deliver to its owner. Judgment was pronounced upon a verdict in favor of appellee against both Cinnamon and Falender, and the latter has appealed.

The court sustained, as a matter of law, the defense pleaded by appellant that Cinnamon was not acting on appellant's business, or within the scope of his employment, at the time of the accident; and, while we are of the opinion the court erred in so holding, it is unnecessary for us to discuss this question, because of the conclusion hereinafter expressed. KRS 186.590, among other things, recites:

"(1) * * *

"(2) * * *

"(3) Every motor vehicle owner who causes or knowingly permits a minor under the age of eighteen to drive the vehicle upon a highway, and any person who gives or furnishes a motor vehicle to the minor shall be jointly and severally liable with the minor for damage caused by the negligence of the minor in driving the vehicle."

It is not contended on this appeal that the evidence is not sufficient to support the jury's finding that Cinnamon was negligent, and that such negligence on his part

was the sole cause of the injuries complained of; but a rather ingenious argument is propounded in support of the contention that the provisions of 186.590, supra, are not applicable to one who gives or furnishes a motor vehicle to a minor, unless the person furnishing the motor vehicle is the owner thereof. It is argued that Subsection (3) of Section 186.590, KRS, was a re-enactment, in virtually identical language, of Section 2739m-54, Carroll's Kentucky Statutes, being Section 22 of Chapter 13, Acts of the Third Extraordinary Session of the 1936 General Assembly, and that this section was construed in Ingram's Adm'r v. Advance Motor Co., 283 Ky. 87, 140 S. W. (2d) 840, to apply only to owners of motor vehicles; and, since that opinion so declared, the Legislature, in re-enacting that section of the Statute in substantially the same phraseology, did so in the light of the interpretation given the Statute by this court in the above-styled case. With this as a premise, appellant invokes the well-settled rule of statutory construction, that when a statute or clause, or provision thereof, has been construed by the court of last resort of a state, and the statute has been substantially re-enacted, the Legislature will be deemed to have adopted such construction, unless the contrary is clearly shown by the language of the act, or the rules of statutory construction have been changed. 25 R. C. L.; p. 1075, Section 297; 59 C. J., p. 1061; Boston v. City of Augusta, 234 Ky. 500, 28 S. W. (2d) 509, and cases therein cited; Ray v. Spiers, 281 Ky. 549, 136 S. W. (2d) 750; Long v. Smith, 281 Ky. 512, 136 S. W. (2d) 789. We are in full accord with the principles of law enunciated in the authorities cited above, and relied upon by appellant. But the fallacy of the argument is in the premise upon which it is based, viz., that the language of the Statute was construed by this court to apply only to owners of motor vehicles, and not to persons placing minors in charge of vehicles not owned by them. The court in Ingram's Adm'r v. Advance Motor Co., supra, did not construe the language of the Statute, but merely determined that the title to the Act, which was compiled as 2739m-54, Carroll's Kentucky Statutes, limited the scope of the Act to such an extent as not to embrace one who sold a motor vehicle to a minor, and thus placed him in possession of the car. It was not necessary to determine, and the opinion did not state, that the language of the Act was susceptible of the construction that

none other than an owner of the vehicle was liable under the Act. The General Assembly of 1942 enacted the Revised Statutes of Kentucky, and declared them to constitute the statutory law of the Commonwealth. They were enacted as a whole, under the following title: "An Act revising the statute laws of the Commonwealth, enacting the revised statutes as the law of the Commonwealth, repealing all prior statute laws of a general and public nature, and prescribing the effective date of this Act." Acts 1942, c. 208.

In Fidelity & Columbia Trust Co. v. Meek 294 Ky. 122, 171 S. W. (2d) 41, this court held the title sufficient in scope to give full force and effect to all matters contained in the Revised Statutes, in so far as their validity was questioned under Section 51 of the Constitution, which recites: "No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title, * * *."

Therefore, the scope of KRS 186.590 is not limited by the title, as it was when adopted in the first instance and compiled in Section 2739m-54, Carroll's Kentucky Statutes; and, since the adoption of the Kentucky Revised Statutes was, as held in Fidelity & Columbia Trust Co. v. Meek, supra, a complete enactment of the statutory law of the Commonwealth, Subsection (3) of KRS 186.590 must be given the construction that the language employed therein demands. It is obvious that Subsection (3) of 186.590, supra, not only provides that a motor vehicle owner who causes or knowingly permits a minor under the age of eighteen to drive a vehicle upon the highway, shall be jointly and severally liable with the minor for damage caused by the latter's negligence in driving the vehicle; but, in addition thereto, renders any other person who gives or furnishes a motor vehicle (whether he be the owner or not) to the minor, jointly and severally liable with the minor for damages caused by the latter's negligence in driving the vehicle.

It was therefore proper for the court to instruct the jury concerning the liability of appellant under the provisions of 186.590, supra; and since no other objection to the instruction has been presented, the judgment must be, and hereby is, affirmed.