## MILLER v. MILLS.

Court of Appeals of Kentucky.
Feb. 20, 1953.

Rehearing Denied May 22, 1953.

Woodward, Hobson & Fulton, Louisville, Coleman, Harlin & Orendorf, Bowling Green, for appellant.

Paul R. Huddleston, Bowling Green and Charles W. Huddleston, Edmonton, for appellee.

CULLEN, Commissioner.

Robert Owen Mills, a 16-year old boy, upon stepping from a city bus operated by the Bowling Green Transit Company, was struck on the head by a whiskey bottle thrown by one of two young men who were engaged in a fight with the bus driver on the street in front of the bus. He sustained serious injuries, and upon the verdict of a jury in his action against the bus company he was given judgment for $11,500 damages. The bus company appeals, contending: (1) It was entitled to a directed verdict; (2) incompetent evidence was received; and (3) the instructions were erroneous.

Mills and five or six other persons were passengers on the bus of the appellant company, driven by Estill Hudson. When the bus reached the end of its route on

Church Street; the driver turned it around, preparatory to heading back towards the center of the city. An automobile occupied by William Eidson and Charles Cox then approached the bus, with its horn sounding. Hudson stopped the bus, and the automobile drew alongside and stopped on the left side of the bus, near the driver's seat, facing the opposite direction. The two men in the automobile and Hudson then engaged in an angry conversation, with regard to whether the bus was taking up more than its share of the street. Hudson left the bus, Eidson and Cox got out of their automobile, and the argument continued on the street. Hudson then returned to the bus and was preparing to get it under way again when Cox ran out in front of the bus and shouted some kind of a challenge. Hudson again left the bus, and, in his words: "When I went back out why Cox was coming out in front of the bus. I started at him and I just glanced over this way and Eidson was coming in between the car and the bus and so I slapped him as I went by and the rest of it was just up and down—you kick me and I kick you and all such stuff."

When the physical combat began, all of the passengers except one arose from their seats and left the bus. The Mills boy was the last one out, and as he was stepping to the pavement from the bus the bottle hit him in the head.

Eidson and Cox were under the influence of liquor and Hudson testified that he became aware of this fact when the argument first began.

In arguing that it was entitled to a directed verdict, the appellant recognizes the rule announced in Kinney v. Louisville & N. R. Co., 99 Ky. 59, 34 S.W. 1066, 1067, to the effect that a public carrier owes to a passenger the duty to exercise the highest degree of practicable care in protecting and guarding him from violence or assault from whatever source, which may be "reasonably anticipated or naturally expected to occur under the circumstances of the case and the condition of the parties." However, the appellant contends that what happened here could not have been reasonably anticipated or naturally expected to occur. It is the contention of the appellant that the bus driver could not reasonably have anticipated that the Mills boy would leave a "place of safety" inside the bus and voluntarily expose himself to danger by coming out onto the street and into the zone of combat.

We think it is clear that so far as foreseeability enters into the question of liability for negligence, it is not required that the particular, precise form of injury be foreseeable—it is sufficient if the probability of injury of some kind to persons within the natural range of effect of the alleged negligent act could be foreseen. Morton's Adm'r v. Kentucky-Tennessee L. & P. Co., 282 Ky. 174, 138 S.W.2d 345; Dixon v. Ky. Utilities Co., 295 Ky. 32, 174 S.W.2d 19, 155 A.L.R. 150.

It is our opinion that when the driver of appellant's bus engaged in physical combat with two intoxicated men in front of the bus, he could well have anticipated that missiles might be thrown, or even that firearms might be discharged, causing injury to the passengers, regardless of whether they remained in the bus or departed from it. He also could have anticipated that the fight might be carried from the street into the bus, with possibility of injury to the passengers. The situation was fraught with danger to persons in the immediate area.

The evidence shows that the Mills boy was seated in the bus immediately behind the driver's seat. Had he remained in his seat, he could very well have been injured as a result of a missile being thrown through the windshield.

The appellant does not predicate its argument on a claim of contributory negligence, or absence of proximate cause; its claim seems to be either that there was no actionable negligence because the bus driver could not have foreseen that the boy would leave his place of safety in the bus, or that when the boy elected to leave the bus the company no longer owed him any duty. As concerns foreseeability, we think it is immaterial whether the driver

could have foreseen that the boy would leave the bus; the driver could have foreseen that injury might befall the passengers as a result of the fight, and the boy's act in leaving the bus merely affected the form of injury without materially increasing the probability of his receiving an injury. As concerns the question of whether the company's duty to the boy was terminated when he left the bus, we think it is obvious that there was no termination of the boy's status as a passenger, and his leaving the bus was occasioned by the failure of the company to afford him the protection it owed him as a passenger.

It perhaps should be mentioned that the appellant makes no claim that the driver was acting outside the scope of authority, apparently conceding that the liability of the company is not based on the principle of respondeat superior, but upon its direct duty to protect its passengers from violence or assault. See 10 Am.Jur., Carriers, sec. 1448, p. 264.

The claim of the appellant concerning the admission of incompetent evidence has to do with the testimony of the Mills boy that one of the passengers on the bus was a pregnant woman; that when the fight started all the passengers were frightened; and that the superintendent of the bus company was present at the hospital when arrangements were being made for admission of the boy for medical treatment, immediately after the accident.

■ While the testimony that one of the women passengers was pregnant and that the bus driver knew that fact, was irrelevant, we think that its admission was not prejudicial. The bus driver's conduct clearly was negligent as to all the passengers, and there is no reason to believe that the jury was influenced, in measuring his conduct, by the condition of one of the passengers.

■ The testimony that the other passengers were frightened was competent. See 20 Am.Jur., Evidence, sec. 823, p. 692.

■ The testimony concerning the presence at the hospital of the superintendent of the bus company was simply that he was present. In response to a question as to why the superintendent was there, the Mills boy answered that he did not know. This evidence was irrelevant, and the line of questioning should not have been permitted. However, in view of the fact that other evidence was admitted without objection, showing that the bus company employes took the boy to the hospital after the accident, the evidence concerning the superintendent was not prejudicial. The latter evidence carried no greater implication of admission of liability than the former.

■ The final contention of the appellant is that the instructions were erroneous in authorizing the jury to award as much as $2,000 for medical expenses (the amount claimed in the petition), when the only competent proof showed a smaller amount of expenses. The transcript of evidence shows that the Mills boy testified that his doctor's bill was $1,319. The appellee claims that this is a typographical error, and that the boy really said "$2,319." The boy's father testified that he "understood" the doctor's bill was $2,319. Doctor Carson testified that the medical expenses, including his own and those of other doctors who had assisted him, would amount to "around $2,300." The appellant contends that the testimony of the father and the doctor was not competent, and that there was no proof of the necessity and reasonableness of the medical expenses.

Although the proof of the medical expenses was not of the highest character, we think it was adequate, and would support a finding that the expenses were in excess of $2,000. The plaintiff's proof made out a prima facie case of reasonableness and necessity of the expenses, which the defendant made no effort to overcome. Louisville & I. R. Co. v. Frazee, 179 Ky. 488, 200 S.W. 948.

The judgment is affirmed.