Hazel Robinson ASHER, Appellant,

v.

Mrs. Clyde RUSSELL et al., Appellees.

Court of Appeals of Kentucky.

Jan. 31, 1964.

Rehearing Denied May 8, 1964.

William S. Tribell, Middlesboro, for appellant.

Glenn W. Denham, Middlesboro, for appellees.

STEWART, Judge.

Appellant, Hazel Robinson Asher, was a passenger in a car owned by appellee, Mrs. Clyde Russell, and driven by appellee, Otis V. Guy, herein referred to as "Guy." This car was involved in a head-on collision with a car driven by one Everett Slusher. Appellant sustained severe injuries and brought suit against appellees for damages.

At the trial, appellant testified in her own behalf, Guy testified as if on cross-examination, and appellant's physician testified as to the extent of her injuries. Appellant then announced all her evidence in chief had been introduced. At this juncture appellees moved for a directed verdict which was granted. This appeal followed.

The question presented on appeal is whether the trial court erred in peremptorily instructing a verdict for appellees. Appellant claims she introduced proof suffi-cient to create a jury question on the negli-gence and liability of appellees.

It appears that about noontime on June 7, 1960, appellee, Mrs. Clyde Russell, requested Guy to take her car to the garage and have it serviced. This task he performed and, in appreciation of his having attended to the car, Mrs. Russell told him he could use it that afternoon. Later he picked up appellant and the two in Mrs. Russell's car left for Pineville with Guy as the driver. They intended to return to Middlesboro in the late afternoon. At that time he was 17 years of age but had a driver's license.

The evidence of appellant was that on this trip at about 6:30 p. m., as the car in which she was riding drew near the city limits of Middlesboro, she saw Slusher's car some 300 to 400 feet away approaching Guy's car on the latter's side of the highway. She estimated Guy's speed at about 40 miles per hour. She yelled to Guy to get over, as she believed they were going to get hit. Then the accident occurred and she does not remember what happened after that. She said she had ridden with Guy on other occasions and that he was a good driver. On cross-examination, she stated she was not sure at what rate of speed Guy was travelling, just prior to the collision, and she admitted she was not certain how far away Slusher's car was when she first saw it.

Guy's testimony, in summary, was that he saw Slusher's car approaching in his (Guy's) lane when the cars were 200 to 300 feet apart. Slusher's car was drawing near a Shell Filling Station, at a place called "Hill Top," which is a short distance north of Middlesboro. Guy said he immediately "dropped off the gas." His impression was that Slusher was turning into the filling station. Guy swerved to the right and applied the brakes. His wheels skidded three feet or more before the cars came together.

Guy's car ended up in his own lane following the impact. Slusher's car went past Guy's car and over on the shoulder of Slush-

er's proper lane of travel. Guy testified the shoulder on his side of the road was wide enough to drive his car completely off the pavement but he "couldn't at any speed faster than five miles an hour on account of the gravel."

Guy fixed Slusher's speed at 45 to 55 miles per hour. He testified his own speed was 30 miles per hour, according to his speedometer, which he had looked at just prior to seeing Slusher's car. He was of the opinion five seconds elapsed between the time he saw Slusher and the time the two vehicles met.

It is appellant's position that Guy, the driver of the car, owed her the duty to use reasonable care to avoid the collision with Slusher's car and that he failed to do so with the result that the cars met head-on.

In this case Guy, by his own admission, had a distance of at least 200 feet and a period of five seconds in which to change the course of his car, apply his brakes, or take some other positive action to avert an imminent collision. Appellant, seeing they were in obvious danger of being struck by Slusher's car, cried out to him to move over. Yet he did nothing except swerve to his right and apply his brakes, which caused the car to skid three feet. He explained his reason for doing no more than he did was he thought Slusher's car was turning into a filling station.

■ We believe the over-all impact of the evidence is such as could warrant a jury of reasonable minded men to conclude Guy failed to exercise the degree of care required of him to extricate himself from a dangerous situation. We are of the opinion, therefore, the proof introduced was adequate to create a jury question on this issue. It follows the trial court committed a reversible error in directing a verdict for appellees. See Adams v. Parsons, Ky., 313 S.W.2d 426.

■ On June 7, 1960, the date of the accident, as previously stated, Guy was 17 years old. Since appellee, Mrs. Clyde Rus-

sell, allowed Guy to drive the vehicle with her knowledge and consent, she became jointly and severally liable with him because of the provisions of KRS 186.590(3), which apply under the facts presented: "Every motor vehicle owner who causes or knowingly permits a minor under the age of eighteen to drive the vehicle upon a highway, and any person who gives or furnishes a motor vehicle to the minor shall be jointly and severally liable with the minor for damage caused by the negligence of the minor in driving the vehicle." See also Falender v. Hankins, 296 Ky. 396, 177 S. W.2d 382.

Wherefore, the judgment is reversed for further proceedings not inconsistent with this opinion.