**E. S. PETERS, Appellant,**

v.

**June FREY, Appellee.**

Court of Appeals of Kentucky.

June 28, 1968.

George S. Wilson, III, Wilson & Wilson, Owensboro, for appellant.

Woodward, Bartlett & McCarroll, Larry K. Harrington, McKinley & Howard, Owensboro, for appellee.

W. MAJOR GARDNER, Special Commissioner.

A truck owned by Frey Brothers Trucking and Excavating Company, and driven by Edward Lee McKinney, was involved in an accident resulting in the injury of appellant, E. S. Peters, who was a pedestrian near the scene of the accident. The accident occurred when the Frey Brothers truck failed to stop at a stop sign and collided with a truck owned by Vanover Brothers. Shortly after the accident, appellant sued Frey Brothers Trucking and Excavating Company and its driver and Vanover Brothers and its driver. That suit is still pending. The present suit is by Peters against June Frey, appellee herein, individually.

June Frey is an officer of Frey Brothers Trucking and Excavating Company, a corporation. It was his specific duty to hire drivers. He did in fact hire Edward Lee McKinney, and he was the one who assigned McKinney the duty of driving the truck at that time. McKinney was 17 years of age at the time. June Frey had the additional duty of seeing to the maintenance of the vehicles. It is this additional duty he is accused of violating with respect to the truck involved.

In his complaint appellant alleeged the following grounds for recovery: (1) That June Frey was the "person" within the meaning of KRS 186.590(3) who gave and furnished a vehicle to Edward Lee McKinney, a minor seventeen years of age; (2) that June Frey, and not the corporation, employed Edward Lee McKinney in violation of KRS 339.230(2) (d) and KRS 339.240(2), and that the alleged violation of the statutes was the proximate cause of the appellant's injuries; and (3) that June Frey was personally responsible for the maintenance of the truck driven by McKinney, that he negligently failed to carry

out his duties, and that the appellant's injuries were the direct result of such negligence.

Appellee moved to dismiss the complaint for failure to state a claim upon which relief could be granted. The motion was sustained. Judgment was entered dismissing the complaint. The motion is not well taken.

KRS 186.590(3) provides in part, "* * * any person who gives or furnishes a motor vehicle to the minor shall be jointly and severally liable with the minor for damage caused by the negligence of the minor in driving the vehicle." In Falender v. Hankins, 296 Ky. 396, 177 S.W.2d 382, it was held that this statute applies to all persons placing minors in charge of motor vehicles, regardless of ownership, with the exception of one who sells a motor vehicle to a minor. See also Asher v. Russell, Ky., 377 S.W.2d 803. By making the person liable who enables a minor to operate a motor vehicle, an additional source for the recovery of damages is provided. Sizemore v. Bailey's Adm'r, Ky., 293 S.W.2d 165. In view of the statute and these decisions, appellee is not excused from responsibility by reason of his capacity as an officer or employee of the corporation or of nonownership of the vehicle.

Appellant also insists that appellee, by employing a seventeen-year-old minor, became liable for damages. KRS 446.070 provides that a person injured by reason of the violation of any statute may recover such damages as he sustained by reason thereof. Appellant urges that the minor was employed in violation of KRS 339.230 (2) (d) and 339.240, which prohibit the employment of a minor of McKinney's age "in the operation of motor vehicles." Appellee argues that such violation of the statute was not the proximate cause of the injuries complained of. The question of proximate cause will arise later when testimony is presented. For the purpose of the motion to dismiss, the allegations are sufficient.

Appellant's third claim, however, enters into another field—that of negligence. It is firmly established, and appellee admits, that an agent of a corporation is personally liable for a tort committed by him although he was acting for the corporation. Murray v. Cowherd, 148 Ky. 591, 147 S.W. 6, 40 L.R.A.,N.S., 617; Pirtle's Adm'x v. Hargis Bank and Trust Company, 241 Ky. 455, 44 S.W.2d 541. It is alleged in the complaint that June Frey was personally in charge of the trucks, that he negligently failed in seeing to it that the truck in question was in good working condition, and that as a proximate result the injury occurred. This is sufficient to charge appellee with negligence.

The allegations are sufficient to state causes upon which relief could be granted in each instance. The motion to dismiss should have been overruled.

Judgment reversed.

All concur.