**Bobby Lee CARNES, Appellant,**

v.

**Victor MILLS, Jr., Appellee.**

Court of Appeals of Kentucky.

Feb. 21, 1969.

As Modified on Denial of Rehearing June 20, 1969.

———◆———

Boyd F. Taylor, Hamm, Taylor & Milby, London, for appellant.

Julian H. Golden, Pineville, for appellee.

J. PAUL KEITH, Jr., Special Commissioner.

This action arises out of an automobile accident that happened on April 9, 1966 about 11:00 a. m. on a dry road in Knox County near London. The appellee, Mills, a passenger, recovered a $5,000.00 judgment against his host, the appellant Carnes, for the injuries he sustained.

There is no real controversy in the material facts. Appellant Carnes was driving his 1966 Plymouth north about forty to forty-five miles per hour. There were two or three cars in front of him, all some distance apart, and at least one behind him. A station wagon operated by one Brown, who was highly intoxicated, coming south at a high rate of speed, ran into the ditch on the west side of the road and then crossed the road and struck the Carnes automobile broadside while Carnes was still in his right lane. The point of collision occurred at the foot of a hill, the road being upgrade both to the north and to the south from the point of collision.

As the Carnes car topped the hill and started down, Mills first saw the station wagon approaching out of control some 1500 feet away and cried out to his driver. Mills said that his driver never slackened his pace, attempted to swerve, or even attempted to stop. It was also shown by the evidence that there was a gravel shoulder on the east side of the road at the point of collision and grass beyond that for several feet before a ditch. The width of gravel and grass varied as well as the nearness and depth of the ditch, but the pictures introduced in evidence show the average that anyone would expect.

The sole ground of appeal is that appellant's motion for a directed verdict should have been sustained, because no negligence was proved against him and the sole cause of the accident was the gross negligence of Brown, the operator of the station wagon.

As a matter of law Brown was negligent. The sole question for us to determine is, was there a submittable jury issue on Carnes—did his acts so contribute to bring about the accident that but for the acts on his part the accident would not have occurred? The appellee says he failed, after being warned, to do anything to avoid the accident. The appellant says the accident would have happened, no matter what he did. Was this an issue for the jury?

This court in Asher v. Russell, Ky., 377 S.W.2d 803, where the facts were very similar, said that this was a jury issue. In that case the distance and time factors differed only slightly.

Decisions from other jurisdictions, annotated in 47 A.L.R.2d 6 to 134, quite consistently have held that there was a jury issue in circumstances such as here presented.

The judgment is affirmed.

EDWARD P. HILL, MILLIKEN, PALMORE, REED and STEINFELD, JJ., concur.