Michael K. SMITH, Appellant,

v.

William ISAACS, Nite Life, Inc., D/B/A Camelot East, and Robert Lee Shields, Individually, Appellees.

No. 88-SC-869-DG.

Supreme Court of Kentucky.

Oct. 19, 1989.

David A. Weinberg, Lexington, for appellant.

William Isaacs, Lexington, for Isaacs.

Leslie P. Vose, Kristine Y. Brower, Lexington, for Nite Life, Inc. and Shields.

LEIBSON, Justice.

On March 31, 1986, the appellant, Michael K. Smith, a patron at Camelot East, a drinking establishment located in Lexington, Kentucky, was shot in the back by another customer. He filed a tort claim for damages alleging negligence and wanton and willful misconduct against William Isaacs, the customer who shot him, alleging dramshop liability against the corporation, Nite Life, Inc., which owns and operates the drinking establishment, and alleging *two* theories of liability against the appellee, Robert Lee Shields, "Individually": liability as officer, director and principal shareholder of the corporation *and* liability for "his personal negligence."

 Arguably, the Complaint lacks clarity.[1] Nevertheless, there are ample allegations in the Complaint specifying Shields' "personal negligence" was a contributing factor: this includes, in paragraph 3 of Count I, stating Shields took "a primary and active role in the operation, management, and supervision of the Nite Life," and in paragraph 22 of Count III, stating:

"That prior to and at all times mentioned herein, the Defendant, Robert Lee Shields, was careless, reckless and negligent in the operation, management, and supervision of the Nite Life, and its employees."

Counsel for the appellee, Shields, has insisted throughout, so persistently and vehemently as to persuade both the trial court and the Court of Appeals, that Shields is shielded from individual liability for Smith's injury, regardless of whether there may be evidence to prove Shields' personal negligence. Shields' position is that, because it is alleged that Shields was an officer, director and principal shareholder in the corporation, he cannot be held individually to account. The Answer to the Complaint filed on behalf of the corporation and Shields, individually, was accompanied by a Motion to Dismiss on behalf of Shields. The Motion asserts his "personal immunity" under the "fundamental corporate law that a shareholder is not liable for a debt of the corporation unless extraordinary circumstances exist to impose liability." *Morgan v. O'Neil*, Ky., 652 S.W.2d 83, 85 (1983). The key element in this quote, overlooked to this point, is that it pertains to liability "for a debt of the corporation."

 This rule governs the *vicarious liability* of a shareholder for the debts of a corporation. It protects a shareholder from liability *for the corporate debt* except upon proof of circumstances that justify "piercing the corporate veil" or unless there is "a particular statute imposing liability" for the corporate debt. *Id.* It should be noted that an officer, director or shareholder, when acting as an agent of the corporation, is also protected from personal liability for making a *contract* where acting within his authority to bind the principal. *Restatement (Second) of Agency*, Section 328 (1958). These rules have nothing whatsoever to do with personal liability in tort for misfeasance or nonfeasance (*Restatement (Second) of Agency*, Section 343, *et seq.*), including liability for negligence:

---

1. This could be addressed by a Motion for More Definite Statement as permitted by CR 12.05, if really necessary.

"An agent is subject to liability if, by his acts, he creates an unreasonable risk of harm to the interests of others protected against negligent invasion." *Id.*, Section 350.

■ The trial court sustained Shields' Motion to Dismiss and entered a final and appealable judgment dismissing him as a defendant, and the Court of Appeals has affirmed. Both courts below proceeded on the premise that the Complaint failed to allege a basis for holding Shields personally liable for the debt of the corporation. Neither court below confronted the alternative theory of liability against Shields alleged in the Complaint, charging that his negligence in the operation, management, and supervision of the business was a contributing factor in causing the claimant's injuries. The issue in this case is not whether Shields is liable to the appellant because he is a shareholder, or the principal shareholder, or because he is a corporate officer. The issue is whether his position as an officer or shareholder in the corporation immunizes him from tort liability in circumstances where he would be otherwise liable if he were not a shareholder. It should be obvious that it does not.

*Morgan v. O'Neil, supra,* cited in support of Shields, is factually inapposite. The only basis for liability stated in the Complaint against O'Neil was liability for the debt of the corporation. *O'Neil* holds that thus framed the Complaint failed to state a claim for relief, as required by Civil Rule 8.01. *O'Neil* has no application to present circumstances where a viable alternative theory of relief is stated in the Complaint.

■ At oral argument, appellee's counsel insisted, as she had successfully argued in the courts below, that a shareholder cannot be held personally liable for negligent acts in managing and supervising employees of the corporation even though such acts are a contributing factor in causing injury. The law is otherwise. *Peters v. Frey,* Ky., 429 S.W.2d 847 (1968), in line with black letter, hornbook law as quoted above from the *Restatement (Second) of Agency,* is squarely in point. It holds that

the agent of a corporation, albeit a principal shareholder and officer of the corporation, "is personally liable for a tort committed by him although he was acting for the corporation." *Id.* at 849. We state:

"It is alleged in the complaint that June Frey was personally in charge of the trucks, that he negligently failed in seeing to it that the truck in question was in good working condition, and that as a proximate result the injury occurred. This is sufficient to charge appellee with negligence." *Id.*

This is a rule of long-standing. *See Pirtle's Adm'x v. Hargis Bank & Trust Co.,* 241 Ky. 455, 44 S.W.2d 541 (1931); *Small v. Bailey,* Ky., 356 S.W.2d 756 (1962); and *Henkin, Inc. v. Berea Bank & Trust Co.,* Ky.App., 566 S.W.2d 420 (1978). It applies here.

■ Liability to third persons, regardless of the corporate entity, for personal negligence in management and supervision of corporate employees and corporate activities is covered by the *Restatement (Second) of Agency,* Sections 350–358, and the *Restatement (Second) of Torts,* Section 877. Additionally, *Restatement (Second) of Agency,* Section 213, specifically addresses personal liability for "conducting an activity through servants or other agents ... if he is negligent or reckless:

(a) in giving improper or ambiguous orders or in failing to make proper regulations; or

(b) in the employment of improper persons or instrumentalities in work involving risk of harm to others; or

(c) in the supervision of the activity; or

(d) in permitting, or failing to prevent negligent or other tortious conduct by persons whether or not his servants or agents, upon premises or with instrumentalities under his control."

*Comment a* to Section 213 explains:

"The rule stated in this Section is not based upon any rule of the law of principal and agent or of master and servant. It is a special application of the general rules stated in the Restatement of Torts

and is not intended to exhaust the ways in which a master or other principal may be negligent in the conduct of his business."

The hornbook on this subject, Henn & Alexander, *Laws of Corporations*, 3d Ed. (1983), in Section 230, Officer's Liabilities, states the black letter law as follows:

"An officer who personally participates in a tort is personally liable to the victim, even though the corporation might also be liable under respondeat superior."

Statutory authority cited on Shields' behalf does not support his claim because it does no more than restate the common law rule. KRS 271A.125(5) provides:

"A shareholder of a corporation shall not be personally liable for any debt or liability of the corporation, *except* as he may be liable by reason of his own conduct or acts." [Emphasis added]

This means what it says: Shields cannot be held to answer for the "debt or liability of the corporation," but "he may be liable by reason of his own conduct or acts." So far the appellee has been successful in confusing the first premise with the second. But we must apply both. In sum, the theory advanced on behalf of the appellee, Shields, that he is insulated or immunized from personal liability for negligent acts in management or supervision because of the existence of the corporate entity, is groundless.

This case involves an issue of pleadings, not proof. It was dismissed on a motion filed with the Answer, and before any discovery was taken. We are concerned solely with whether the Complaint fails to state a cause of action. We are not concerned with the appellee's ultimate liability: whether after discovery the claimant can withstand a Motion for Summary Judgment, or whether the evidence at trial will be sufficient to withstand a Motion for a Directed Verdict. As stated in Bertelsman and Philipps, Vol. 6, *Kentucky Practice*, Rules of Civil Procedure, pp. 144–45, discussing CR 8.01:

"The purpose of this Rule is to assign to pleadings the function of giving notice and formulating true issues without the requirement that they give every fact which in the past may have been necessary to constitute a formal 'cause of action' or a defense.

. . . .

A complaint is not subject to dismissal unless it appears to a certainty that no relief can be granted under any set of facts that can be proved in support of the allegations."

■ Nor are we concerned any longer because pleadings assert alternative or inconsistent theories. This is now permitted by CR 8.05(2). The appellee has argued successfully throughout that there has been only one theory pled on behalf of the plaintiff, a derivative cause of action based on piercing the corporate veil, and that under *Morgan v. O'Neil, supra*, this theory has been insufficiently pled. We need not decide whether the appellant has sufficiently pled ultimate facts justifying piercing the corporate veil, because an alternative theory has been pled, not based on piercing the corporate veil but on Shields' personal, active and direct negligence in management and supervision of the corporation. This alternative theory is unrelated to any claim based on responsibility for the debt or liability of the corporation.

■ Long ago, in 1953, we abandoned the old rules of common law pleadings and adopted modern Rules of Civil Procedure. We no longer approach pleadings searching for a flaw, a technicality upon which to strike down a claim or defense, as was formerly the case at common law. *See* Vol. 6 *Kentucky Practice, supra*, at p. 144. Whereas the old common law demur searched the pleadings for a reason to dismiss, now a Motion to Dismiss is directed at the substance of the pleading. As stated in *Morgan v. O'Neil, supra*, now the rule of construction is "that the Rules of Civil Procedure with respect to stating a cause of action should be liberally construed and that much leniency should be shown in construing whether a complaint ... states a cause of action." *Id.* at 652 S.W.2d at 85.

For the reasons stated herein, the decision of the trial court and the Court of Appeals is reversed, the judgment on the pleadings is set aside, and the case is remanded for further proceedings consistent with this Opinion.

STEPHENS, C.J., and COMBS, GANT, LAMBERT, LEIBSON and VANCE, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion because even under the notice pleading rules the complaint does not state a cause against the individual defendant, and consequently, the circuit court's dismissal of the individual was correct.

Smith pleads that negligence in the execution of corporate duties creates a cause of action against a corporate officer in his individual capacity. The corporate shield of statutory law protects individuals from responsibility in the management of a corporation in the absence of extraordinary circumstances which are specific and unusual. *White v. Winchester Land Development Corp.*, Ky.App., 584 S.W.2d 56 (1979); *Morgan v. O'Neil*, Ky., 652 S.W.2d 83 (1983). No extraordinary circumstances have been pled. Smith did not state a cause of action against Shields individually with the bare allegation that he was negligent in the conduct of his corporate management responsibilities. Smith must do more than assert the bare allegations that Shields was careless, reckless and negligent in the operation, management and supervision of the corporation in order to state a cause of action against the defendant individually.

Notice pleading has been the rule in Kentucky for over 45 years. The proper application of CR 8.01 does not require a claimant to set out all details of the facts upon which he relies, but only those that are sufficient to give the defendant fair notice of the claim and its basis. A pleading which merely suggests that the party have a right of action is insufficient and does not provide the fair notice of a primary right of the claimant or the wrong of the defendant. The complaint here does not conform to the standards of the civil rule. *See* Bertelsman and Philipps Vol. 6 *Kentucky Practice* Rules of Civil Procedure pp. 145–146, discussing Civil Rule 8.01.