William ISAACS, Nite Life, Inc., d/b/a Camelot East, and Robert Lee Shields, Individually, Appellants,

v.

Michael K. SMITH, Appellee.

No. 97–SC–0461–DG.

Supreme Court of Kentucky.

June 17, 1999.

As Modified on Denial of Rehearing Dec. 16, 1999.

Leslie Patterson Vose, Landrum & Shouse, Lexington, for Appellants.

David A. Weinberg, Thomas D. Bullock, Weinberg & Capello, Lexington, for Appellee.

Opinion of the Court by Special Justice REFORD H. COLEMAN.

On March 31, 1986, both Appellee Michael K. Smith and Appellant William Isaacs patronized the "Camelot East," a Lexington bar and nightclub. Smith, along with his friend Johnny Wilhoit, sat at a table approximately five to ten feet behind a table occupied by Isaacs and his friend, Terry Shelton.

During the course of the evening, Wilhoit's elbow struck a plastic ashtray, sending it across the room toward Isaacs' table. The ashtray struck a dancer, Nancy Goins, who was then also seated at the table. That incident resulted in a brief shouting match between Wilhoit and Isaacs, prompting club security to intervene in the argument. However, neither man was asked to leave the club or to quit drinking.

No other events of consequence occurred until approximately 30 minutes later, at which time Isaacs and Shelton approached Smith's table. Wilhoit had gone to the bathroom, and Smith was alone. As Shelton engaged Smith in conversation, Isaacs positioned himself behind Smith's chair, drew a concealed handgun, and shot Smith in the back. Isaacs then fled the bar and was subsequently caught and arrested.

Later in 1986, Smith filed this action in Fayette Circuit Court against William Isaacs, Nite Life, Inc., d/b/a Camelot East (hereinafter "Nite Life"), and Robert Lee Shields (hereinafter "Shields"), individually. Smith claimed that Camelot East's service of alcoholic beverages to an already intoxicated Isaacs created a foreseeable risk that Isaacs could cause an injury to an unknown party. The trial court dismissed the claims of both individual liability and shareholder liability against Shields. This

Court subsequently reversed that ruling in *Smith v. Isaacs*, Ky., 777 S.W.2d 912 (1989), and remanded the case to the Fayette Circuit Court for further proceedings.

Upon remand, the case *sub judice* lingered and languished to the point that the trial court in 1991, 1993, and 1994, sua sponte, initiated notices to show cause why the case should not be dismissed for lack of prosecution. The case was, in fact, dismissed at one point, but was later reinstated. Thereafter, in 1995, all parties submitted the case to the trial court on cross-motions for summary judgment.

The trial court's Opinion and Order found that, as a matter of law, reasonable minds could not disagree that Nite Life, even though serving alcohol to an allegedly already intoxicated Isaacs, could not foresee that Isaacs would draw a concealed (then "illegal") handgun and shoot Smith in the back. Accordingly, the trial court granted Nite Life and Shields' motion for summary judgment, and dismissed Smith's claims against both. The Court of Appeals reversed, citing KRS 244.080[1] and holding it "broad enough to encompass other types of injuries resulting from a violation of the statute."

At this juncture, Smith contends that the trial court erred in finding that reasonable minds could not differ on the issue presented and that the trial court should have permitted the question of proximate cause (now substantial factor or causative fault) to be answered by the jury as a question of fact. Futhermore, Smith claims that the violation of KRS 244.080, illegally serving alcohol to a person already intoxicated, is equally applicable to a shooting on the retail licensee's premises by an intoxicated person as to an automobile accident caused by an intoxicated per-

---

1. KRS 244.080 reads in pertinent part:
   No retail licensee shall sell ... alcoholic beverages ..., to (2) a person actually or apparently under the influence of alcoholic beverages.

son after leaving the premises of the serving establishment.

Nite Life and Shields maintain that while the violation of KRS 244.080 is certainly applicable to the occurrence of an automobile accident caused by an intoxicated patron, the applicability of the statute cannot be stretched to establish a basis for liability of the retail licensee for a shooting perpetrated on premises by an intoxicated customer with an illegally concealed handgun.

■ The issue here is simply whether or not it was foreseeable that Issacs, given his intoxicated condition, could cause injury to a third party as a result of Nite Life's act of continuing to sell him liquor, such as would render the establishment liable to the victim under KRS 244.080. We hold that it does not.

As early as 1911, in *Waller's Adm'r. v. Collinsworth*, Ky., 144 Ky. 3, 137 S.W. 766 (1911), this Court recognized that an injury by shooting was not a natural or probable consequence of the sale of liquor. Furthermore, in its opinion reversing the trial court, the Court of Appeals recognized that the obvious motivation for the passage of KRS 244.080 was the prevention of injuries resulting from operating a motor vehicle while under the influence of alcohol. In support of this proposition, the Court of Appeals cites *Grayson Fraternal Order of Eagles v. Claywell*, Ky., 736 S.W.2d 328 (1987) stating:

> "The question of proximate cause is a factual one, not a legal one, depending upon whether the evidence shows that the results of misconduct are reasonably foreseeable."

*Id.* at 334. We do not disagree with the statement from *Grayson* cited by the Court of Appeals, but disagree that the results of the misconduct in this case were reasonably foreseeable by the establishment.

■ We agree with the view of the trial court in stating:

> "Despite the increasing violence of our society, the parallel between the foreseeability of impaired driving and the foreseeability of shooting another person is untenable."

"[E]very person owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury." *Grayson* at 332. Even so, such a duty applies only if the injury is foreseeable. While it is unquestioned that violations of statutes constitute negligence per se, that statement is coextensive with the requirement that the violation "must be a substantial factor in causing the result." *Britton v. Wooten*, Ky., 817 S.W.2d 443, 447 (1991). However, the mere violation of a statute does not necessarily create liability unless the statute was specifically intended to prevent the type of occurrence which has taken place. Not all statutory violations result in liability for that violation. The violation must be a substantial factor in causing the injury and the violation must be one intended to prevent the specific type of occurrence before liability can attach.

■ Our holding in this case is not to be construed as requiring a litigant to prove that the exact manner in which the injury occurred was foreseeable.

> We think it is clear that so far as foreseeability enters into the question of liability for negligence, it is not required that the particular, precise form of injury be foreseeable—it is sufficient if the probability of injury of some kind to persons within the natural range of effect of the alleged negligent act could be foreseen.

*Miller v. Mills*, Ky., 257 S.W.2d 520, 522 (1953) (citing *Morton's Adm'r v. Kentucky–Tennessee L. & P. Co.*, Ky., 282 Ky.

174, 138 S.W.2d 345 (1940); *Dixon v. Ky. Utilities Co.,* Ky., 295 Ky. 32, 174 S.W.2d 19 (1943)). Here, however, a violation of KRS 244 .080 which resulted in an intoxicated patron injuring a third person on the premises of the retail establishment is not foreseeable within the intent of the statute, and as such, liability to the establishment does not attach.

Although Nite Life erred in serving Issacs once it became apparent that he was intoxicated, the establishment could not have anticipated that Isaacs would inflict injury upon Smith simply because the two had quarreled earlier in the evening. Unquestionably, the situation presented in this case is distinguishable from an establishment serving an intoxicated patron who thereafter operates his motor vehicle and injures a third party. We are of the opinion that it is certainly a foreseeable consequence of a violation of KRS 244.080.

Furthermore, dismissal of this case by the trial court through summary judgment was warranted. The true purpose of a summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant. *Roberson v. Lampton,* Ky., 516 S.W.2d 838 (1974).

An issue of nonmaterial fact will not preclude the granting of a summary judgment. A motion for summary judgment should be granted if the court is fully satisfied that there is an absence of genuine and material factual issues. *Steelvest* does not hold to the contrary, but expressly reaffirms that longstanding position. *Steelvest, Inc. v. Scansteel Service Center, Inc.,* Ky., 807 S.W.2d 476 (1991).

We therefore hold that the Nite Life's act of selling liquor to Isaacs was not a foreseeable cause of Smith's injuries. Smith would not have been injured but for Isaacs' intervening act. All that can be speculated is that Nite Life's liquor sale might (or might not) have produced a condition out of which the altercation might (or might not) have resulted.

For the above reasons, the opinion of the Court of Appeals is reversed, and the summary judgment of the Fayette Circuit Court is reinstated. This case is remanded to the Fayette Circuit Court for further proceedings consistent with this opinion.

COLEMAN, S.J., GRAVES, JOHNSTONE, and KELLER, JJ., concur.

STUMBO, J., dissents in a separate opinion with LAMBERT, C.J., and WINTERSHEIMER, J., joining.

STUMBO, Justice, dissenting.

Respectfully, I must dissent to the reinstatement of the summary judgment in the lower court. Summary judgment is entirely inappropriate unless, "as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant." *Steelvest, Inc. v. Scansteel Service Ctr., Inc.,* Ky., 807 S.W.2d 476, 483 (1991). Here, there is evidence that a few minutes before the shooting, Isaacs verbally attacked Smith and Wilhoit, who were sitting a few feet behind Isaacs and his friend. Although the first incident attracted the attention of the club's security force, Isaacs was not ejected, and, in fact, the club continued to serve Isaacs alcoholic beverages despite his obvious intoxication.

As noted by the Court of Appeals, and acknowledged by the majority herein, "the question of proximate cause is a factual one, not a legal one, depending upon whether the evidence shows that the results of misconduct are reasonably foreseeable." *Grayson Fraternal Order of Eagles v. Claywell,* Ky., 736 S.W.2d 328, 334 (1987). The majority does not disagree with the correctness of that statement, but

rather, it "disagree[s] that the results of the misconduct in this case were reasonably foreseeable by the establishment." Similarly, in granting summary judgment in favor of the nightclub, the trial court concluded that, "as a matter of law ... reasonable minds could not disagree that it was clearly unforeseeable that by serving Mr. Isaac [sic], Camelot East created a foreseeable risk that he would remove a concealed weapon from his waistband and shoot Mr. Smith."

With this conclusion, I cannot agree. While the majority has removed consideration of the instrumentality of the injury from the equation, it still concludes that further fueling Isaacs' intoxication, given his prior behavior, did not create a foreseeable risk of the attack on Smith. In my mind, which I believe to be a reasonable one, it was not entirely unforeseeable that, by continuing to serve alcohol to an intoxicated customer who had already created one disturbance by harassing Smith and Wilhoit, the club created the risk that the belligerent customer might attempt to do harm to those with whom he had earlier quarreled.

> We think it is clear that so far as foreseeability enters into the question of liability for negligence, it is not required that the particular, precise form of injury be foreseeable—it is sufficient if the probability of injury of some kind to persons within the natural range of effect of the alleged negligent act could be foreseen.

*Miller v. Mills,* Ky., 257 S.W.2d 520, 522 (1953) (citing *Morton's Adm'r v. Kentucky–Tennessee L. & P. Co.,* Ky., 282 Ky. 174, 138 S.W.2d 345 (1940); *Dixon v. Ky. Utilities Co.,* Ky., 295 Ky. 32, 174 S.W.2d 19 (1943)).

Because I believe Smith presented sufficient evidence upon which a reasonable juror could conclude that Isaacs' violent outburst was within the scope of the foreseeable risk of further serving alcohol to the intoxicated, hostile patron, I would affirm the decision of the Court of Appeals and remand the case to the trial court for further proceedings.

LAMBERT, C.J., and WINTERSHEIMER, J., join this dissenting opinion.