RENDERED:  MAY 19, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0069-MR

AFRICA TILFORD                                          APPELLANT

|  |  |  |
| --- | --- | --- |
|  | APPEAL FROM JEFFERSON CIRCUIT COURT |  |
| v. | HONORABLE JUDITH E. MCDONALD-BURKMAN, JUDGE |  |
|  | ACTION NO. 21-CI-003464 |  |

LOUISVILLE REGIONAL AIRPORT
AUTHORITY; DANN MANN;[1] AND
JESSICA SIMS                                         APPELLEES

OPINION
AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; JONES AND KAREM, JUDGES.

JONES, JUDGE:  The Appellant, Africa Tilford, seeks review of the Jefferson

Circuit Court's December 9, 2021 opinion and order dismissing her complaint

against the Louisville Regional Airport Authority and two of its employees,

Executive Director Dan Mann and Maintenance Administration Manager Jessica

---

[1] Appellee Mann's name appears to be misspelled in the notice of appeal.  We use the spelling appearing in the record on appeal throughout this Opinion.

Sims. On appeal, Tilford asserts that the trial court erred when it dismissed her individual capacity claims against Director Mann and Manager Sims for failure to state a claim upon which relief can be granted pursuant to CR[2] 12.02(f).[3] For the reasons explained below, we affirm in part as related to Tilford's claims against the Airport, including her official capacity claims against Director Mann and Manager Sims, reverse in part as related to Tilford's individual capacity claims against Director Mann and Manager Sims, and remand for further proceedings.

## I. BACKGROUND

On or about June 16, 2021, Tilford filed a negligence complaint in Jefferson Circuit Court alleging that she was injured on October 23, 2020, when she slipped on a clear liquid substance (believed to be hand sanitizer) and fell to the ground while at the Muhammad Ali International Airport. (Record ("R.") at 1-4.) Tilford named the Louisville Regional Airport Authority ("Airport"), Executive Director Dan Mann, and Maintenance Administration Manager Jessica Sims as defendants. Tilford's complaint indicated she was suing Director Mann and Manager Sims in their individual and official capacities.

Pertinent to this appeal, Tilford's complaint alleged as follows:

---

[2] Kentucky Rules of Civil Procedure.

[3] In her Appellant's brief, Tilford concedes the trial court properly dismissed her complaint against the Airport.

-2-

7. At all times relevant hereto, the [Appellees], by and through their agents, ostensible agents, servants, employees and/or representatives, had a duty to maintain and keep the Premises [the Louisville Muhammad Ali International Airport located at 600 Terminal Drive, Louisville, Kentucky 40209] safe for the use of [Tilford], along with warning its invitees of all known dangerous conditions; [Appellees] had a duty to maintain the Premises in a safe and reasonable manner.

8. [Tilford] was a business invitee.

9. On or about October 23, 2020, [Tilford] slipped and fell in a foreign substance believed to be clear liquid hand sanitizer on the floor of the Premises.

10. [Tilford] fell several feet, causing personal injury.

11. As a direct and proximate result of the negligent acts and/or omissions of the [Appellees] and their agents, [Tilford] was caused to incur medical expenses both past and future, physical and mental pain and suffering both past and future, increased risk of harm, mental anguish and lost enjoyment of life.

12. [Tilford's] damages are in excess of the minimum dollar amount necessary to invoke the jurisdiction of this Court.

(R. at 2-3.)

After having been served with Tilford's complaint, Appellees filed a joint motion to dismiss the complaint. The Airport asserted that it was entitled to governmental immunity which also shielded Director Mann and Manager Sims from suit in their official capacities. Director Mann and Manager Sims further argued that Tilford's individual capacity claims against them should be dismissed

-3-

for failure to state a claim upon which relief may be granted because Tilford's complaint was "too vague to be actionable."  (R. at 20.)

Following a hearing, the trial court entered a final and appealable opinion and order granting Appellees' motion and dismissing Tilford's complaint in its entirety.  Therein, the trial court concluded that the Airport, which was established by the Legislature pursuant to KRS[4] 183.133 and controlled by Louisville/Jefferson County Metro Government, performs the vital government function of providing a transportation infrastructure to the people of this Commonwealth making the Airport and its employees, when sued in their official capacities, immune from suit.  With respect to Tilford's individual capacity claims, the trial court reasoned that dismissal was appropriate because Tilford's complaint "failed to make any allegations of wrongful conduct against [Director] Mann and [Manager] Sims in their personal capacities."  (R. at 103-04.)  It elaborated as follows:

> In paragraphs 5 and 6 of her Complaint, [Tilford] claims that [Director Mann and Manager Sims] acted in both their individual and official capacities.  However, she fails to set forth any factual predicate for such assertions, merely stating in paragraph 7 that they "had a duty to maintain and keep the Premises safe for the use of Plaintiff, along with warning its invitees of all known dangerous conditions.  Defendants had a duty to maintain the Premises in a safe and reasonable manner."  These

---

[4] Kentucky Revised Statutes.

conclusory allegations without factual support are insufficient to survive a properly pled motion to dismiss.

(R. at 104.)

This appeal followed.

## II. GOVERNMENTAL IMMUNITY

The issue of whether a defendant is entitled to the defense of sovereign or governmental immunity is a question of law. *See Rowan County v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006) (citing *Jefferson County Fiscal Court v. Peerce*, 132 S.W.3d 824, 825 (Ky. 2004)). This means "we owe no deference to the legal conclusions of the court[] below." *Howard v. Big Sandy Area Development District, Inc.*, 626 S.W.3d 466, 470 (Ky. 2020).

Tilford rightly concedes that the Airport is entitled to governmental immunity. *Comair, Inc. v. Lexington-Fayette Urban County Airport Corp.*, 295 S.W.3d 91 (Ky. 2009). The Airport's governmental immunity "extends to its officers and employees who are sued in their official capacity." *Caneyville Volunteer Fire Dept. v. Green's Motorcycle Salvage, Inc.*, 286 S.W.3d 790, 810 (Ky. 2009). Thus, the trial court properly dismissed Tilford's claims against the Airport as well as her official capacity claims against Director Mann and Manager Sims.

### III. INDIVIDUAL CAPACITY CLAIMS

Director Mann and Manager Sims also moved the trial court to dismiss Tilford's individual capacity claims against them for failure to state a claim upon which relief can be granted. Since a motion to dismiss for failure to state a claim upon which relief can be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo*. *Gregory v. Hardgrove*, 562 S.W.3d 911, 913 (Ky. 2018) (citation omitted).

In ruling on a motion for failure to state a claim, the trial court should take all the allegations in the complaint as true and not dismiss "unless the pleading party appears not to be entitled to relief under any set of facts which could be proven in support of his claim." *Marshall v. Montaplast of N. Am., Inc.*, 575 S.W.3d 650, 651 (Ky. 2019) (quoting *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009)). "[T]he question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?" *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citation omitted).

Tilford argues that the trial court's dismissal of her individual capacity claims runs afoul of Kentucky's long-held adherence to notice pleading. She explains that the trial court's requirement for her to allege more detailed facts

linked to the essential elements of her claim exceeds our time-honored barebones approach to pleading.

"Kentucky is a notice pleading jurisdiction, where the central purpose of pleadings remains notice of claims and defenses." *Watson v. Landmark Urology, P.S.C.*, 642 S.W.3d 660, 671 (Ky. 2022) (quoting *Russell v. Johnson & Johnson, Inc.*, 610 S.W.3d 233, 240 (Ky. 2020)).  CR 8.01(1) states simply that a pleading "shall contain (a) a short and plain statement of the claim showing that the pleader is entitled to relief and (b) a demand for judgment for the relief to which he deems himself entitled."  "It is not necessary to state a claim with technical precision under this rule, as long as a complaint gives a defendant fair notice and identifies the claim." *Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840, 844 (Ky. 2005) (citing *Cincinnati, Newport & Covington Transp. Co. v. Fischer*, 357 S.W.2d 870, 872 (Ky. 1962)).

The trial court noted that Tilford had only alleged that Director Mann and Manager Sims had a general duty to maintain and keep the Airport safe and to warn invitees of all known dangerous conditions.  (R. at 104.)  According to the trial court, such conclusory allegations are insufficient to state a properly pleaded cause of action upon which relief can be granted unless the complaint also alleges specific facts that link to the plaintiff's cause of action.  However, our Supreme Court has explicitly "refuse[d] to mandate a heightened pleading standard" that

would require anything more than a complaint "couched in general and conclusory terms[.]" *Commonwealth ex rel. Brown v. Stars Interactive Holdings (IOM) Ltd.*, 617 S.W.3d 792, 809 (Ky. 2020). In fact, oftentimes, "[f]ormal discovery is necessary before a plaintiff can fairly be expected to provide a detailed statement of the specific bases for her claim." *Russell*, 610 S.W.3d at 242 (emphasis omitted). "Before [such] discovery, plaintiffs simply don't know what they don't know." *Id.*

This case involves an issue of pleadings, not proof. "We are not concerned with the appellee[s'] ultimate liability: whether after discovery the claimant can withstand a Motion for Summary Judgment, or whether the evidence at trial will be sufficient to withstand a Motion for a Directed Verdict." *Smith v. Isaacs*, 777 S.W.2d 912, 915 (Ky. 1989). Even though devoid of additional facts, the complaint is sufficient to apprise Director Mann and Manager Sims that they are being sued in their individual capacities for negligence in connection with an incident that occurred on October 23, 2020, when Tilford slipped on a clear substance on the Airport floor, and that Tilford believes that they breached their duties to maintain the Airport in a safe condition for its patrons. Here, Tilford alleged the elements necessary to establish a negligence claim: duty, breach, causation, and damages. While Tilford is aware that a substance was on the floor that caused her to slip and suffer injury, at this juncture, prior to discovery, she

may simply not know enough facts to draw a more specific link than that alleged in her complaint.

Under Kentucky's liberal notice pleading standards, Director Mann and Manager Sims's motion to dismiss Tilford's individual capacity claims against them should have been denied.[5] *McCollum v. Garrett*, 880 S.W.2d 530, 533 (Ky. 1994). While it is possible that Director Mann and Manager Sims may be entitled to summary judgment later, Tilford is entitled to make use of the discovery process prior to having to marshal specific facts to support her negligence claim against them.

### III. CONCLUSION

For the reasons stated above, we affirm the Jefferson Circuit Court's dismissal of Africa Tilford's negligence claim against the Louisville Regional Airport Authority and Executive Director Dan Mann and Maintenance Administration Manager Jessica Sims in their official capacities; we reverse the dismissal of her negligence claims against Director Mann and Manager Sims in

---

[5] We note that in denying Tilford's CR 59.05 motion, the trial court cited *Craig & Landreth Cars, Inc. v. Protective Life Corporation*, No. 2020-CA-0119-MR, 2021 WL 1431870 (Ky. App. Apr. 16, 2021), *discretionary review denied* (Jan. 11, 2022), to support its conclusion that Tilford was required to link essential facts to each cause of action or face dismissal. *Id.* at *3. In addition to being unpublished, the opinion dealt with fraud-based claims. CR 9.02 imposes a heightened standard on averments of fraud or mistake requiring that the "circumstances constituting fraud or mistake shall be stated with particularity." In contrast, Tilford alleged a common, garden variety negligence claim. There is no heightened standard that applies to such claims.

their individual capacities, and remand the individual capacities claims for further proceedings.


ALL CONCUR.


BRIEFS FOR APPELLANT:

John S. Friend
Louisville, Kentucky

BRIEF FOR APPELLEES:

Douglas B. Bates
Bethany A. Breetz
Chelsea R. Stanley
Louisville, Kentucky