**B. H. HAYES and his wife, Leah S. Hayes, Appellants,**

v.

**R. E. RODGERS and Maude Rodgers, doing business as Rodgers and Rodgers, Appellees.**

Court of Appeals of Kentucky.

Nov. 21, 1969.

James E. Story, Eddyville, for appellants.

B. M. Westberry, J. Wendell Roberts, Marion, for appellees.

NEIKIRK, Judge.

This appeal is from a judgment setting aside, as in fraud of creditors, a deed from husband to wife.

B. H. Hayes, by a deed dated January 9, 1963, conveyed two tracts of land in Lyon County to his wife, Leah S. Hayes. One tract contained 180 acres, more or less, the larger tract 227¼ acres, more or less. The deed recited that it was executed "for and in consideration of the sum of $1.00 cash in hand paid, and other good and valuable considerations, the receipt of all of which is hereby acknowledged, and for the further consideration of the love and affection

which the party of the first part holds for his wife, the party of the second part." The deed was recorded on August 29, 1966.

R. E. Rodgers and Maude Rodgers, doing business as Rodgers and Rodgers, who were judgment creditors of B. H. Hayes, on April 24, 1967, filed their complaint seeking to have the deed from B. H. Hayes to his wife, Leah S. Hayes, declared a nullity as to the 180-acre tract. Answer was filed and Leah filed a counterclaim for libel and slander. Pursuant to the judgment which the Rodgerses had obtained against B. H. Hayes in the litigation to enforce their original claim against him, the sheriff had published notice of sale of the 180-acre tract of land. Leah, in her counterclaim, alleged that she was the owner of this tract of land, and not being a party to the former litigation she had been libeled and slandered by the publication of notice of sale.

R. E. Rodgers died on February 4, 1968. Maude Rodgers died on August 6, 1968. The present Civil Action No. 549 was revived and is being prosecuted by their respective executors. We shall use the names "R. E. Rodgers and Maude Rodgers" for purposes of identity.

On September 10, 1968, appellees, R. E. Rodgers and Maude Rodgers, were granted summary judgment in the instant action. The deed from B. H. Hayes purporting to convey the tract of 180 acres, more or less, to his wife Leah was "canceled, annulled, and set aside." Leah's counterclaim was dismissed and "forever barred."

From this judgment B. H. Hayes and Leah appeal. We affirm.

■ We find no genuine issue of any material fact on the counterclaim of Leah.

The notice of sale of which Leah complains was not published by R. E. Rodgers and Maude Rodgers. The publication was made by the sheriff pursuant to order of the Lyon Circuit Court.

■ Judicial proceedings are privileged from actions for libel and slander. Schmitt

v. Mann, 291 Ky. 80, 163 S.W.2d 281. In that case this court followed a statement from Cooley on Torts, 4th Edition, Section 156:

"The general rule may be stated to be that pertinent matter in pleadings, motions, affidavits, and other papers in any judicial proceeding, is absolutely privileged, though false and malicious * *."

Prosser on Torts, 3rd Edition, Section 109 at Page 100, cites the Schmitt case, among other authorities, in support of the general rule of immunity in holding judicial proceedings privileged from actions for libel and slander.

■ Furthermore, a claim for libel and slander ceases or dies with the death of the person injured or the person injuring. KRS 411.140. During the pendency of the counterclaim of Leah S. Hayes, both R. E. Rodgers and Maude Rodgers died.

We find the trial court properly dismissed by summary judgment the counterclaim of Leah S. Hayes.

The claim of the Rodgerses in the instant action grew out of a loan of $3,669.03 which they made to B. H. Hayes on June 2, 1960. To secure this debt, B. H. Hayes executed and delivered to them his promissory demand note bearing interest at the rate of six per cent per annum. Hayes defaulted though demand was made. The Rodgerses filed Civil Action No. 388 on December 12, 1963, to enforce payment. Hayes did not answer, and on March 16, 1966, the Rodgerses were granted default judgment. In an effort to collect the judgment, execution was issued on April 9, 1966, and returned "no property found." A general order of attachment was issued against all of the property of B. H. Hayes. By amended complaint Leah S. Hayes and the Citizens State Bank of Eddyville, Kentucky, were named and served as garnishees to answer and disclose any money, choses in action, or other property owned by B. H. Hayes held by them or in which B. H. Hayes had any interest whatsoever. Lis pendens was filed.

All of this on August 18, 1966. Leah S. Hayes answered that she held "no property or money in which B. H. Hayes had an interest." Other legal proceedings led up to January 8, 1967, when the trial court entered an order directing the Lyon County sheriff to sell the 180-acre tract of land belonging to B. H. Hayes in satisfaction of the Rodgers judgment. After publication of the sale in the newspaper, counsel for the Rodgerses was notified that B. H. Hayes had sold the 180-acre tract of land to his wife Leah. No further action was taken in Civil Action No. 388.

On April 24, 1967, the Rodgerses filed the instant action, setting forth all of the happenings in Civil Action No. 388. In addition, they alleged the indebtedness of B. H. Hayes and sought to have the deed from B. H. Hayes to his wife Leah for the 180-acre tract of land "canceled, annulled, and set aside." They claimed the conveyance was in violation of sections of Chapter 378, Kentucky Revised Statutes, and demanded that so much of the land as necessary be subjected to the satisfaction of their prior judgment.

Without our detailing the many proceedings between the filing of the complaint, April 24, 1967, and the entry of summary judgment, September 10, 1968, suffice it to say that issues were joined, interrogatories were filed and answered, motion and affidavits in support of summary judgment and counteraffidavit were made, briefs submitted, and oral arguments heard by the trial court.

The trial court properly held that the deed of conveyance from B. H. Hayes to his wife Leah should be set aside.

■ In actions to set aside a conveyance for fraud, the fraud must be established by clear and convincing evidence. However, there are exceptions. Between persons closely related, such as husband and wife, the transaction must be closely examined to see that no subterfuge is employed. It is a badge of fraud for a debtor to transfer all or any appreciable part of his property when he is insolvent or financially embarrassed. Pope v. Cawood, 293 Ky. 660, 170 S.W.2d 55. Inadequacy of consideration is another badge. Trent v. Carroll, Ky., 380 S.W.2d 87. The deed to Leah S. Hayes was dated January 9, 1963, but it was not recorded until August 29, 1966. At the time this deed was written, B. H. Hayes was indebted to the Rodgerses, and pending litigation must have been anticipated. At the time the deed was recorded, the grantee, Leah S. Hayes, knew of the judgment in favor of the Rodgerses against her husband. She had already been served as a garnishee, and a general order of attachment against all of the property of B. H. Hayes had been filed.

■ When a conveyance is attacked as fraudulent and badges of fraud are shown, the burden of proving good faith is on the grantee. KRS 378.010.

Leah complains that she should be entitled to meet this burden by evidence. She claims that the record, her answer, and counterclaim, supported by her affidavit, are sufficient to raise genuine issues of fact and, therefore, the entry of summary judgment was error. It is our opinion that Leah did not make any showing that she could sustain the burden of proving her bona fides.

Kentucky follows the view "that the party opposing the motion for summary judgment may not rely upon his pleadings alone to make an issue of fact, but is required in the proper case to make some showing to offset the impact of the matters presented in support of the motion." Clay, CR 56.05, Comment 4 (citing cases).

In Neal v. Welker, Ky., 426 S.W.2d 476, we said:

"* * * When the moving party has presented evidence showing that despite the allegations of the pleadings there is no genuine issue of any material fact, it becomes incumbent upon the adverse party to counter that evidentiary showing

by some form of evidentiary material reflecting that there is a genuine issue pertaining to a material fact. Tarter v. Arnold, Ky., 343 S.W.2d 377. * * * "

In Robert Simmons Const. Co. v. Powers Regulator Co., Ky., 390 S.W.2d 901, we said:

" * * * Ordinarily, summary judgment is proper when it is manifest that the opposing party could not strengthen his case at trial and the moving party would be entitled ultimately and inevitably to a directed verdict. * * * "

See also Totten v. Parker, Ky., 428 S.W. 2d 231.

Leah S. Hayes claims that there was more than an ample showing to present a material issue and that summary judgment was premature in cutting off her right of trial.

Leah was asked on interrogatories: "Did you, on July 9, 1963, purchase a certain parcel of land situated about two miles west of the town of Kuttawa in Lyon County, Kentucky, from your husband, B. H. Hayes?" Her answer was "No." B. H. Hayes, her husband, was asked on interrogatories: "Did you by deed dated July 9, 1963, sell, transfer and convey this certain parcel of land to your wife, Leah S. Hayes?" His answer was "No." He was also asked: "Did you receive any consideration from your wife for that certain parcel of land?" He answered, "There was no such sale." Therefore, the only conclusion is that the deed was without consideration.

In response to the motion for summary judgment and affidavits in support of the motion, Leah filed her counteraffidavit as follows:

"That on January 9, 1963, when she acquired the interest of B. H. Hayes in her 227 acre farm, she knew of no dispute between B. H. Hayes and R. E. Rogers (sic); that at said time of transfer she assumed to pay $5,000 to Federal Land Bank and $2,500 to Franklin Finance for the interest of B. H. Hayes in said property; that in addition to this consideration, she paid for said farm out of the proceeds of the sale of land she inherited in Livingston County, Kentucky and from proceeds of rent of said farm she inherited in Livingston County, Kentucky; that said deed was made in Paducah, Kentucky on advice of their lawyer, Holland G. Brien, now deceased, and advice of their physician, Dr. Louis Myer, due to the serious illness of B. H. Hayes and that no consideration was given by any of the parties to the transfer or those advising same to the debt sued on in Civil Action 549; that she has not had an opportunity to present these defenses in any proceeding in the trial of the aforesaid action."

Leah claims her affidavit presented an issue of material fact. However, no mention is made in the affidavit of the 180-acre tract, which is the subject matter of this action. The subject of her affidavit, the 227-acre tract, is not involved. We can reach no other conclusion than to say that the counteraffidavit presented no issues at all involved in the present controversy. At most, it was a poor attempt to evade the consequences of a proper counteraffidavit. There was no request for continuance to obtain additional or corrected affidavits as envisioned by CR 56.06.

■ "Badges of fraud" are alarmingly present in this case. There was no consideration for the deed, and if a full-blown trial were granted, none could be shown in the face of the answers to the interrogatories. B. H. Hayes was indebted to the Rodgerses and was in default at the very time he made the deed to his wife. Leah cannot rely upon her pleadings alone, and she has failed to make any showing to offset the material and relevant issues presented by the Rodgerses. We fail to see that Leah could strengthen her position if given further opportunity. The proof as presented by the interrogatories, affidavits, and attempted counteraffidavit is such as

would ultimately and inevitably entitle the Rodgerses to a directed verdict.

The pain of extended litigation must at some point be alleviated. The trial court applied the strong medicine of summary judgment. We concur.

Judgment affirmed.

All concur.