**Alene ROBERSON, Appellant,**

**v.**

**Leroy LAMPTON and Robert M. Carwile, Appellees.**

**Alene ROBERSON, Appellant,**

**v.**

**Paul EHRESMANN, Jr., Appellee.**

Court of Appeals of Kentucky.

Dec. 13, 1974.

C. M. Leibson, Leibson, Dolt & McCarthy, Louisville, for appellant.

H. B. Kinsolving, III, Kinsolving & Kinsolving, Shelbyville, for appellees Leroy Lampton and Robert M. Carwile.

James W. Shepherd, Shepherd & Rouse, Carrollton, for appellee Paul Ehresmann, Jr.

THOMAS B. SPAIN, Special Commissioner.

This appeal stems from a vehicular collision which occurred on March 25, 1969, on U. S. Highway 42, in Trimble County,

Kentucky, approximately three miles east of Bedford.

Plaintiff below, Alene Roberson, was riding as a passenger in an automobile owned and operated by her husband, who is not a party to this litigation. The Roberson car was traveling southwest from Cincinnati toward Louisville, in a line of traffic and immediately behind a Corvair driven by Paul Ehresmann, Jr. and a tractor-trailer owned by Amity Drum Service, Inc. and driven by Willard R. Beaman.

After the three vehicles had been traveling in a line for about fifteen minutes, a tire and wheel came off the right rear dual wheels of the Amity trailer and went over a fence and out into a field off the right side of the road. Some ten or fifteen minutes later, another tire and wheel came off the left rear of the trailer and struck the front of the Ehresmann Corvair. The tire and wheel then caromed off the front of the Corvair and across the center line of the highway, striking the driver's side of a tractor-trailer owned by Leroy Lampton and being driven in a northeasterly direction toward Cincinnati by Robert M. Carwile. Immediately after it was struck by the tire and wheel, the Lampton-Carwile tractor-trailer came across the center line of the highway and struck the Roberson automobile in which the plaintiff was riding. The accident occurred about eleven o'clock in the morning during a drizzling rain and with the road surface wet.

Appellant, Alene Roberson, subsequently brought an action for personal injuries against Amity Drum Service, Inc., Willard R. Beaman (driver of Amity's truck), Leroy Lampton and Robert M. Carwile, as owner and operator of the truck which struck the car in which she was riding, and Paul Ehresmann, Jr., owner and operator of the Corvair, alleging that the collision was caused by the negligence of any two, three, four or all of the defendants. After the pleadings were made up and some discovery begun, the trial court granted a motion for summary judgment on behalf of the defendants Lampton and Carwile. Some six weeks later, the trial court also granted summary judgment to defendant Paul Ehresmann, Jr. Both orders granting summary judgments were designated by the trial court as final and appealable orders. Accordingly, since she could not wait until the completion of her action against the defendants Amity Drum Service, Inc. and Willard R. Beaman, Mrs. Roberson pursued this appeal from the two summary judgments.

We think the trial court acted precipitously in granting summary judgments to the appellees.

The record reveals that as of the time that the summary judgments were granted, the only eye-witness who had testified by deposition as to the circumstances of the accident was the appellant—and she was not even the driver of any of the four vehicles involved. Willard R. Beaman, the driver of the Amity tractor-trailer, could not be located to answer plaintiff's interrogatories. The owner and driver of the Corvair, Paul Ehresmann, Jr., while an Airman stationed at Lowry Air Force Base, Colorado, answered some routine preliminary written interrogatories which did not, however, touch upon the actual facts of the accident. No testimony of any kind, either by answers to interrogatories or by oral deposition, appears in the record from the defendant Carwile, driver of the tractor-trailer which struck the plaintiff's car, or from plaintiff's husband, driver of the car in which she was riding. Such being true, it could hardly be said that the plaintiff clearly could not produce the necessary showing of causation as to either or all of the appellees at a trial on the merits. It is simply premature to attempt to state with any certitude what the evidence of the other eye-witness to this accident will be. As this court stated in Payne v. Chenault, Ky., 343 S.W.2d 129 (1961), at page 132:

"Summary judgment cannot be used for the purpose of testing the sufficiency of

a party's evidence. Where there is a genuine issue on a material fact, and it is properly joined by the pleadings, a trial is the only battleground. Until the time of the trial every litigant must have the opportunity to search for and secure whatever evidence may be necessary to perfect his case, and unless it is manifestly impossible for him to produce it he cannot be forced to a premature showdown in that respect by a motion for summary judgment."

The true purpose of a summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant.

In Conley v. Hall, Ky., 395 S.W.2d 575 (1965), this court stated at page 578:

"We are not examining the SUFFICIENCY of the evidence. We are to decide this case on the motion for summary judgment, not on the merits. We are seeking only an issue of fact."

At page 580 we stated:

"We think that it should be borne in mind that the motion for summary judgment is not a trick device for the premature termination of litigation. Its function is to secure a final judgment as a matter of law when there is no genuine issue of a material fact . . . The burden is on the movant to establish the nonexistence of a material fact issue. He either establishes this beyond question or he does not. If any doubt exists, the motion should be denied."

It may well be that one or more of the appellees will be entitled to a directed verdict at a trial. Indeed, it may even be that one or more of them will be entitled to summary judgment at some later stage of these proceedings. At present, however, it appears to us that this case is governed by the principle enunciated in Barton v.

Gas Service Company, Ky., 423 S.W.2d 902 (1968):

"In the present case, it is not clear that the plaintiffs cannot produce the necessary showing of causation at a trial on the merits. Neither this nor the trial court can know, from the record, what the other witnesses named in the Nickens deposition will be able to contribute to a solution of that question."

The judgments are reversed for proceedings consistent with this opinion.

All concur.