HARTFORD INSURANCE GROUP, Appellant,

v.

CITIZENS FIDELITY BANK & TRUST COMPANY and Leroy J. Kastlehun, Appellees.

Court of Appeals of Kentucky.

Opinion Rendered March 30, 1979.

Ordered Published April 13, 1979.

Edward H. Stopher, Robert E. Stopher, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellant.

William R. Mapother, Lisa Koch Bryant, Mapother & Mapother, Louisville, for appellee, Citizens Fidelity Bank & Trust Co.

Before WHITE, GANT and WILHOIT, JJ.

WHITE, Judge.

This is an appeal from a summary judgment for Citizens Fidelity Bank and Trust Company based on a claim that Citizens was a holder in due course of a draft issued by appellant Hartford. The issue before us is whether Citizens was entitled to summary judgment.

On April 28, 1977, appellant Hartford Insurance Group issued a draft in the amount of $7,073.80 payable to one Kastlehun for damage to his home insured by Hartford. Apparently unnoticed by Hartford, the premises were subject to a first mortgage held by Southeast Federal Savings and Loan Association. Hartford alleged in its memorandum in opposition to Citizens' motion for summary judgment that Hartford became aware of Southeast's interest and immediately ordered the drawee bank, Connecticut Bank and Trust Company, to stop payment. Hartford further alleged that Kastlehun was advised not to attempt negotiation of the draft.

On April 29, 1977, Kastlehun presented the draft to Citizens' Fidelity Bank and Trust Company for payment. Connecticut Bank and Trust Company returned the draft with a notation that payment had been stopped.

Citizens filed a complaint on October 20, 1977, alleging its status as a holder in due course of the draft and demanding recovery against Leroy J. Kastlehun and Hartford in

the amount of $7,073.80 plus interest from April 29, 1977. Hartford filed a cross-claim against Kastlehun.

Appellees' motion for summary judgment was denied by order of March 29, 1978. The motion was renewed and, following a hearing on April 18, 1978, the court granted summary judgment to plaintiff on April 20, 1978, against Hartford in the amount of $7,073.80 plus 6% interest per annum from April 29, 1977, until judgment and at 8% thereafter.

It is well established in Kentucky that, pursuant to CR 56.03, summary judgment:

. . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

See *Puckett v. Elsner*, Ky., 303 S.W.2d 250 (1957). A review of the record indicates that the trial court did not err in granting summary judgment.

■■■ Appellant argues that Citizens failed to meet its burden of showing that no genuine issue of a material fact existed and that it was entitled to judgment as a matter of law. In support of its position, appellant cites *Roberson v. Lampton*, Ky., 516 S.W.2d 838 (1974), and cases cited therein. In considering the propriety of a summary judgment, the court stated that:

[t]he true purpose of a summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant. *Id.* at 840.

In view of a long line of Kentucky cases discussing standards for summary judgment, we believe that *Roberson* must be interpreted narrowly as holding only that summary judgment may not properly be entered before the respondent has had an opportunity to complete discovery, rather than that a movant must show that it would be impossible to produce evidence.

See 7 W. Clay, *Kentucky Practice*, CR 56.03, Comment 4 (3rd ed. 1974); L'Enfant, Civil Procedure, 64 *Ky.L.J.* 357 (1976); *Hayes v. Rodgers*, Ky., 447 S.W.2d 597 (1969); *Neal v. Welker*, Ky., 426 S.W.2d 476 (1968); *Tarter v. Arnold*, Ky., 343 S.W.2d 377 (1960); *Payne v. Chenault*, Ky., 343 S.W.2d 129 (1960). It is not necessary to show that the respondent has actually completed discovery, but only that respondent has had an opportunity to do so. Here, Hartford had a period of some six months between the filing of the complaint and the date of summary judgment in which to engage in discovery, or to inform the court, pursuant to CR 56.06, why judgment should not be entered or why a ruling on the motion for summary judgment should be continued. The record contains no affidavit pursuant to CR 56.06.

The record contains only the pleadings of the parties, including the motion for summary judgment and response thereto; the only evidence in the record consists of affidavits filed by appellee in support of its claimed status as a holder in due course. Beyond the answer, no evidence contradicting the affidavits of the employees of Citizens was tendered by Hartford for consideration by the trial court.

In *Neal v. Welker, supra* at 479, the Court considered the burdens of the parties on a motion for summary judgment and said:

[i]t is not required that the adverse party file any sort of answer or defensive pleading or other response to a motion for summary judgment . . . . When the moving party has presented evidence showing that despite the allegations of the pleadings there is no genuine issue of any material fact, it becomes incumbent upon the adverse party to counter that evidentiary showing by some form of evidentiary material reflecting that there is a genuine issue pertaining to a material fact.

The Court in *Neal* noted that although the plaintiff there had alleged that, if given the opportunity, evidence would be produced, the plaintiff had not shown why such evi-

dence had not been presented and had not requested a continuance to obtain affidavits pursuant to CR 56.06. *Id.* at 479–480. The requirement of producing evidence that a genuine issue of material fact exists gained further support in *Hayes v. Rodgers, supra* at 600, wherein the Court said:

Kentucky follows the view "that the party opposing the motion for summary judgment may not rely upon his pleadings alone to make an issue of fact, but is required in the proper case to make some showing to offset the impact of the matters presented in support of the motion." Clay, CR 56.05, Comment 4.

■ The failure of Hartford to present evidence in contradiction to that presented by Citizens in support of its motion for summary judgment is not in itself sufficient to justify summary judgment. Even though there may be an absence of controverting evidence, the evidence presented by the moving party must be of such a nature that no genuine issue of fact remains to be resolved.

Both parties admit that if Citizens was a holder in due course as defined in KRS 355.3–302, Citizens would prevail over Hartford, the issuer of a draft on which a stop-payment order was given. Hartford argues, however, that there was insufficient evidence on which the trial court could base its finding that no issue of material fact existed as to Citizens' status as a holder in due course. It is stated that the allegations in the affidavit of Sheryl Yeager, a teller at the branch bank where the draft was presented, and in the affidavits of Robert L. Turner, the branch manager, were conclusions of law by laymen and as such were not admissible as evidence. CR 56.05. We need not consider whether certain allegations in the affidavits constituted legal conclusions, for we find sufficient, competent, factual statements in the affidavits upon which the trial court could reasonably have based its judgment. Evidence in the affidavit of Yeager that could properly have been considered by the court included the statements that she noticed no irregularities on the face of the draft; she instructed Kastlehun to obtain the approval of the bank manager before she could accept the check; the appellee Citizens follows this customary procedure for drafts drawn on out-of-town banks for sums exceeding $300.00; approval was received; and Yeager gave Kastlehun a cashier's check for $6,500.00 and cash of $573.80. The affidavits of Turner contained the competent evidence that he was manager of the branch which accepted the draft; he personally approved the draft; $7,073.80 was given to Kastlehun in the form of either cash or cash and a cashier's check; there were no defects or irregularities on the draft; he had no notice of any defenses; he had known Kastlehun for four years; Kastlehun had been a customer of that branch for 16 years; in the four years affiant had been manager, Kastlehun had never been overdrawn or written a check on insufficient funds; affiant had no knowledge that Kastlehun had ever been overdrawn or written a bad check; and the draft was not deposited to the account of Kastlehun.

■ To qualify as a holder in due course, Citizens had to prove that it was a holder who had taken the draft for value, in good faith, and without notice that it was overdue or had been dishonored or of any defense or claim to it on the part of any person. KRS 355.3–302. Evidence of each of these elements was contained in the affidavits of Yeager and Turner as discussed above. As there was no evidence in the record contradicting any of the facts presented by Citizens, the trial court could reasonably have concluded as a matter of law that Citizens was a holder in due course. Under KRS 355.3–307(3) Citizens would have the burden of proving its status as a holder in due course in all respects only if the evidence had shown that a defense existed. As no defense was alleged in response to the motion for summary judgment and supporting affidavits, Citizens needed to go no further than the uncontroverted statements of fact in the affidavits.

Hartford states that Citizens did not set forth all the circumstances surrounding the transaction. The record contains allega-

tions which the trial court found sufficient to support the position of Citizens in its motion. If Hartford was aware of any other material circumstances, it should have offered some form of evidence of such circumstances beyond the general denial of its answer or should have sought relief pursuant to CR 56.06.

We are of the opinion that the trial court did not err when it found no genuine issue of material fact to exist and that appellee Citizens was entitled to judgment as a matter of law.

The judgment is affirmed.

All concur.