RENDERED: APRIL 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0569-MR

GLENDA C. JOHNSON													APPELLANT

v.									APPEAL FROM PULASKI CIRCUIT COURT
									HONORABLE JERRY J. COX, JUDGE
									ACTION NO. 19-CI-00724

DR. JOHN C. MOBLEY; LAKE
CUMBERLAND PHYSICIANS
PRACTICES, LLC D/B/A LAKE
CUMBERLAND WEIGHT LOSS
PHYSICIANS; AND LAKE
CUMBERLAND REGIONAL
HOSPITAL D/B/A LAKE
CUMBERLAND WEIGHT LOSS
CENTER															APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, DIXON, AND TAYLOR, JUDGES.

DIXON, JUDGE: Glenda C. Johnson appeals from the orders granting partial

summary judgment in favor of Dr. John C. Mobley; Lake Cumberland Physicians

Practices, LLC d/b/a Lake Cumberland Weight Loss Physicians, and Lake Cumberland Regional Hospital d/b/a Lake Cumberland Weight Loss Center (collectively "Lake Cumberland"), as well as the orders denying Johnson's motions to reconsider and alter, amend, or vacate said partial summary judgments, entered by the Pulaski Circuit Court on September 9, 2020; October 16, 2020; February 10, 2021; and March 30, 2021, respectively. After careful review of the record, briefs, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Glenda Johnson is a middle-aged woman who has struggled with obesity since the birth of her son in 1992. Experiencing only minimal success with either weight loss or maintenance with diets, medications, and exercise regimens, she ultimately sought surgical intervention. In 2016, a friend told Johnson about a gastric bypass/lap-band procedure she had undergone to lose weight. Hopeful a similar procedure might work for her, Johnson began conducting internet research to learn about surgical options and whether they were offered nearby. During this online investigation, Johnson discovered Lake Cumberland's website.

Johnson attended a weight-loss seminar sponsored by Lake Cumberland at which she heard Dr. John Mobley speak about the procedures he performed to help patients lose weight, as well as the risks associated therewith. Johnson began treatment with Dr. Mobley on July 11, 2016. After meeting with

Dr. Mobley and his staff multiple times, undergoing psychological testing, obtaining a referral from her primary care provider, and completing an informational packet, a quiz, and a 17-page consent form, Johnson underwent an adjustable gastric lap-band surgery performed by Dr. Mobley on April 27, 2017.

During the months following the operation, Johnson followed up with Dr. Mobley regularly for adjustments of the lap-band. However, on September 28, 2017, Johnson was admitted to a local hospital complaining of abdominal pain. Subsequently, she underwent a barium esophagram, which revealed a small portion of Johnson's stomach had slipped through the band. Johnson claims she was not apprised of that finding but was released after her symptoms resolved.

As of October 23, 2017, Johnson had lost 57 pounds and was tolerating all foods well. She continued to treat with Dr. Mobley until July 25, 2018, at which time she had lost 84 pounds and voiced no complaints.

On August 10, 2018, however, Johnson went to a local emergency room for intense abdominal pain. She was transferred to a nearby hospital where she underwent surgery the following day. The operative report noted adhesions found around the lap-band, which was removed, and a dime-sized perforation at the greater curve of Johnson's stomach.

On July 22, 2019, Johnson sued Dr. Mobley and Lake Cumberland, alleging both medical malpractice and breach of contract/Kentucky Consumer Protection Act (KCPA) violation.

On July 27, 2020, Dr. Mobley moved the trial court for partial summary judgment on Johnson's KCPA claim. The following day Lake Cumberland joined his motion. After a hearing on the KCPA claim, the trial court initially denied the defendants' motions for summary judgment; however, it subsequently entered orders granting partial summary judgment in favor of Lake Cumberland and Dr. Mobley on Johnson's KCPA claim. The trial court denied Johnson's subsequent motions to reconsider and to alter, amend, or vacate these orders, and Johnson now appeals to this court.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[1] 56.03. An appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists and the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916

---

[1] Kentucky Rules of Civil Procedure.

S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed *de novo* because factual findings are not at issue. *Pinkston v. Audubon Area Cmty. Servs., Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006) (citing *Blevins v. Moran*, 12 S.W.3d 698 (Ky. App. 2000)).

Concerning a trial court's denial of a motion to alter, amend, or vacate, it is well-established:

> CR 59.05 simply provides: "A motion to alter or amend a judgment, or to vacate a judgment and enter a new one, shall be served not later than 10 days after entry of the final judgment." A party cannot invoke CR 59.05 to raise arguments and to introduce evidence that should have been presented during the proceedings before the entry of the judgment. Unlike CR 60.02, CR 59.05 does not set forth the grounds for the motion. But because "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly," the federal courts, in construing CR 59.05's federal counterpart, Federal Rule of Civil Procedure 59(e), have limited the grounds:
>
> > There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

*Gullion v. Gullion*, 163 S.W.3d 888, 893 (Ky. 2005) (footnotes omitted).

## ANALYSIS

On appeal, Johnson argues the trial court erred by entering summary judgment before discovery had been completed. It is well-established "summary judgment is only proper after a party has been given **ample opportunity** to complete discovery, and then fails to offer controverting evidence." *Pendleton Bros. Vending, Inc. v. Commonwealth Fin. & Admin. Cabinet*, 758 S.W.2d 24, 29 (Ky. 1988) (emphasis added) (citing *Hartford Ins. Grp. v. Citizens Fidelity Bank & Trust Co.*, 579 S.W.2d 628 (Ky. App. 1979)). Yet, it is "not necessary to show that the respondent has actually completed discovery, but only that respondent has had an opportunity to do so." *Hartford*, 579 S.W.2d at 630.

In *Hartford*, a period of approximately six months between the filing of the complaint and the summary judgment was found to be sufficient time to conduct discovery. However, this is not a bright-line rule, and the appropriate time for discovery necessarily varies from case to case depending upon the complexity, availability of information sought, and the like. *See Suter v. Mazyck*, 226 S.W.3d 837, 842 (Ky. App. 2007).

Here, more than a year elapsed between the filing of the complaint and the grants of partial summary judgment. This is not a complicated part of the

case, nor has it been alleged that any information sought has been withheld. Thus, we cannot say the trial court's grant of summary judgment was premature.

Johnson next argues the trial court erred by refusing to set aside its prior "arbitrary" and "inconsistent" orders regarding partial summary judgment on her KCPA claim. Although Johnson recognizes the trial court has the power to reconsider, revise, alter, and amend its interlocutory orders – as discussed by the Supreme Court of Kentucky in *JPMorgan Chase Bank, N.A. v. Bluegrass Powerboats*, 424 S.W.3d 902 (Ky. 2014) – she contends the trial court's prior orders denying defendants' motions for partial summary judgment on her KCPA claim, as the law of the case, should not have been disturbed.

Generally, "[t]he doctrine of law of the case establishes a presumption that a ruling made at one stage of a lawsuit will be adhered to throughout the lawsuit." *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 706 (Ky. App. 2004). However, a judge does have the discretionary authority to reconsider a ruling. *Id*. "Generally, a judge may reexamine an earlier ruling and rescind it if he [or she] has a reasonable conviction that it was wrong and it would not cause undue prejudice to the party that benefited from it." *Id*. Moreover, "[i]t is well established that a trial court may reconsider and grant summary judgment to a party subsequent to an earlier denial." *Id*.

Herein, there is no basis for determining the trial court's previous orders allowing Johnson's KCPA claim to survive at those points in the litigation were binding when the trial court entered its later orders granting the defendants partial summary judgment on the KCPA claim. By the time those partial summary judgments were granted, significant discovery – most notably Johnson's deposition – had been conducted. This evidence demonstrated the lack of a genuine issue of material fact that would preclude summary judgment as a matter of law. Thus, the trial court did not err in this regard.

Johnson further contends the trial court erred because material issues of fact exist regarding misrepresentations by the defendants as part of their business practice. Johnson asserts she was induced to have this surgery based on the representations made in the advertisements of Dr. Mobley and Lake Cumberland. She claims she was not informed of the risks and that the consent form she signed "did more to confuse rather than clarify those risks."

We have in other precedent, however, observed for the KCPA to apply "there must be some allegations that the actions complained of were part of the business aspect of the practice of medicine." *Barnett v. Mercy Health Partners-Lourdes, Inc.*, 233 S.W.3d 723, 730 (Ky. App. 2007). Such actions include "advertising for a particular procedure or surgery then failing to advise the patient of the risks involved or of alternative treatment; entering into a financial

agreement that would increase profits to the possible detriment of patients; or advertising services at a particular cost then charging at a different rate." *Id.* Johnson argues her claim falls within the first category. Despite her arguments to the contrary, while the defendants advertised regarding the types of procedures offered at the clinic, they clearly did not fail to advise Johnson of the risks involved or of alternative treatment.[2] Accordingly, Johnson's claim does not fit within those protected under the KCPA.

## CONCLUSION

Therefore, and for the foregoing reasons, the orders of the Pulaski Circuit Court are AFFIRMED.

ALL CONCUR.

---

[2] In her deposition, Johnson recalled that Dr. Mobley discussed the risks in his seminar. She also correctly answered questions about these in a quiz prior to the operation. They were also clearly discussed in the consent form she initialed and signed. "The existence of a signed consent form gives rise to a presumption that patients ordinarily read and take whatever other measures are necessary to understand the nature, terms and general meaning of consent." *Hoofnel v. Segal*, 199 S.W.3d 147, 151 (Ky. 2006). "To hold otherwise would negate the legal significance to written consent forms signed by the patient and render the consent form completely unreliable." *Id.*

BRIEFS FOR APPELLANT:

John F. Kelley, Jr.
London, Kentucky

BRIEF FOR APPELLEE DR. JOHN
C. MOBLEY:

Stephen S. Burchett
Christopher F. Hoskins
Lexington, Kentucky


BRIEF FOR APPELLEES LAKE
CUMBERLAND PHYSICIANS
PRACTICES, LLC D/B/A LAKE
CUMBERLAND WEIGHT LOSS
PHYSICIANS; AND LAKE
CUMBERLAND REGIONAL
HOSPITAL, LLC D/B/A LAKE
CUMBERLAND WEIGHT LOSS
CENTER:

B. Todd Thompson
Joseph A. Wright
Scott R. Redding
Elizabeth F. Ousley
Louisville, Kentucky