RENDERED: AUGUST 12, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0379-MR

DEIRDRE JOHNSON                           APPELLANT

v.             APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE AUDRA J. ECKERLE, JUDGE
ACTION NO. 18-CI-006013

KING GEORGE APARTMENTS, LLC            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, LAMBERT, AND McNEILL, JUDGES.

DIXON, JUDGE: Deirdre Johnson appeals from the order denying her request to

alter, amend, vacate, or reconsider the order granting King George Apartments,

LLC, summary judgment,[1] as well as the order of sanction, entered by the Jefferson Circuit Court on March 5, 2021, and April 17, 2019, respectively. Following a careful review of the record, briefs, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Deirdre Johnson rented an apartment from King George Apartments, LLC ("the Apartments"). Neither Johnson nor the Apartments were aware of any ceiling issues in Johnson's unit prior to entering the lease. However, a few weeks later, while lying on her bed, Johnson heard a loud noise. When she looked up, the ceiling above her was split from wall to wall. Within seconds, the ceiling began to collapse, and Johnson – who was approximately nine months pregnant – exited as quickly as possible.

---

[1] As stated by another panel of our Court:

> Our case law is clear, however, that there is no appeal from the *denial* of a [Kentucky Rules of Civil Procedure (CR)] 59.05 motion. The denial does not alter the judgment. Accordingly, the appeal is from the underlying judgment, not the denial of the CR 59.05 motion. When a trial court *denies* a CR 59.05 motion, and a party erroneously designates that order in his or her notice of appeal, we utilize a substantial compliance analysis and consider "the appeal properly taken from the final *judgment that was the subject of the CR 59.05 motion.*" [*Tax Ease Lien Invs. 1, LLC v. Brown*, 340 S.W.3d 99,] 103 n.5 (emphasis added) (citing *Felix v. Lykins Enters., Inc.*, 2010 WL 4137276 (Ky. App. Oct. 22, 2010) (ordered not published by Kentucky Supreme Court Apr. 18, 2012)).

*Ford v. Ford*, 578 S.W.3d 356, 366 (Ky. App. 2019) (emphasis in original). Accordingly, we consider this appeal as being taken from the order granting summary judgment.

Once outside, Johnson called her mother who came and insisted she call 911 to report the collapse of the ceiling and have medical personnel examine Johnson and her unborn baby. The 911 operator dispatched the fire department and an ambulance.

The fire department arrived first and spoke with Johnson in the living room. Even though there were no issues with the ceiling other than in the bedroom, the fire crew suggested Johnson stay elsewhere.

Ambulance personnel arrived shortly thereafter, examined Johnson – who complained only of stomach pain, later determined to be Braxton Hicks contractions – and transported her to the local hospital. Johnson told the ambulance personnel that she was not sure if she had been hit by the ceiling, and they noted no insulation in her hair or on her body; no cuts, scrapes, or bruises; and normal vital signs.

After an ultrasound was performed to check the baby, Johnson was released. She followed up with her OB-GYN and gave birth to a healthy baby a few weeks later.

Nearly a year after the incident, Johnson sued the Apartments, alleging she was "injured in a structural collapse of the [Apartments'] building." The Apartments answered and served written discovery on Johnson. When Johnson did not timely respond, the Apartments moved the trial court to compel

her responses. Following an agreement between the parties, the trial court entered an order extending the date for Johnson to respond to the discovery requests. When Johnson failed to respond by the extended deadline, the Apartments moved the trial court to dismiss her complaint. Johnson then responded to the motion, as well as the discovery requests. The Apartments replied and noted numerous deficiencies with Johnson's responses. The trial court entered an opinion and order imposing a $500 sanction in lieu of dismissal.

Johnson served discovery requests on the Apartments to which it responded. She then moved the trial court to strike the Apartments' responses as noncompliant with CR 33.01(2), and to compel the Apartments to respond to her discovery requests. A few days later, the Apartments provided supplemental responses to Johnson's requests. The trial court denied Johnson's motion and ordered the parties to resolve the discovery dispute among themselves, pursuant to the local rules of civil procedure.

Johnson again moved the trial court to compel responses to her discovery requests. The Apartments provided its second supplemental responses. Even so, the trial court granted Johnson's motion to compel, giving the Apartments 21 days to provide full and complete responses. One week later, the Apartments produced its third supplemental responses. Johnson moved the trial court for sanctions to which the Apartments responded and supplied its fourth supplemental

responses.  The Apartments also moved the trial court to compel Johnson to provide dates for her deposition.  The trial court denied Johnson's motion for sanctions and found the Apartments had sufficiently complied with discovery, but granted the motion to compel production of Johnson's deposition dates.

At deposition, Johnson testified the ceiling fell on her and slid off her back as she exited her bedroom, but she was not injured.  Johnson also testified there was no indication of any issue with the ceiling until she heard the noise and saw the crack a few seconds before the ceiling collapsed.

Several months after Johnson's deposition, the Apartments moved the trial court for summary judgment because Johnson failed to offer any evidence that the Apartments knew or should have known about the ceiling issue and Johnson admitted she was not physically injured.  The trial court granted the motion "[b]ecause there is no genuine issue of fact regarding the occurrence of a bodily injury[.]"  Johnson moved the trial court to alter, amend, vacate, or reconsider its order, which was denied.  This appeal followed.

## STANDARDS OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  CR 56.03.  An

appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists and the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed *de novo* because factual findings are not at issue. *Pinkston v. Audubon Area Cmty. Servs., Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006) (citing *Blevins v. Moran*, 12 S.W.3d 698 (Ky. App. 2000)).

Additionally, "[w]e review a trial court's grant or denial of discovery sanctions, including fee awards, for abuse of discretion, *Turner v. Andrew*, 413 S.W.3d 272 (Ky. 2013)[.]" *Rumpel v. Rumpel*, 438 S.W.3d 354, 361 (Ky. 2014). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000).

## ANALYSIS

On appeal, Johnson contends the trial court should not have granted summary judgment because she was prevented from having the opportunity to complete discovery. It is well-established "summary judgment is only proper after a party has been given **ample opportunity** to complete discovery, and then fails to offer controverting evidence." *Pendleton Bros. Vending, Inc. v. Commonwealth Fin. & Admin. Cabinet*, 758 S.W.2d 24, 29 (Ky. 1988) (emphasis added) (citing

-6-

*Hartford Ins. Grp. v. Citizens Fid. Bank & Tr. Co.*, 579 S.W.2d 628 (Ky. App. 1979)). Yet, it is "not necessary to show that the respondent has actually completed discovery, but only that respondent has had an opportunity to do so." *Hartford*, 579 S.W.2d at 630.

In *Hartford*, a period of approximately six months between the filing of the complaint and the summary judgment was found to be sufficient time to conduct discovery. However, this is not a bright-line rule, and the appropriate time for discovery necessarily varies from case to case depending on the complexity, availability of information sought, and the like. *See Suter v. Mazyck*, 226 S.W.3d 837, 842 (Ky. App. 2007).

Here, more than two years elapsed between the filing of the complaint and its dismissal based on Johnson's failure to produce proof of her own physical injury. This is not a complicated part of the case, nor does it appear that any relevant information pertaining to her injury – or lack thereof – has been withheld.

"It is well-established that to establish liability for negligence the plaintiff must prove: (1) a duty; (2) a breach of that duty; (3) which was the proximate cause of an injury; and (4) which resulted in damages. All of these elements are essential to a valid claim." *Reece v. Dixie Warehouse & Cartage Co.*, 188 S.W.3d 440, 445 n.6 (Ky. App. 2006). The trial court did not discuss the issues of duty or breach but, rather, solely relied on Johnson's admissions

concerning the lack of physical injury in dismissing her claim. Failure to prove *any* of the four elements is fatal to a negligence claim; thus, the trial court did not err in dismissing Johnson's claim due to her failure to prove her physical injury. Johnson does not dispute this on appeal. Therefore, Johnson's arguments that the Apartments owed her a duty and breached that duty are inconsequential and we need not address them. Moreover, we cannot say the trial court's grant of summary judgment was premature.

Johnson further contends the trial court erred in awarding attorney fees in its opinion and order awarding sanctions. Johnson asserts that under a local rule, all motions for attorney fees shall be accompanied by an affidavit of counsel setting forth certain detailed information. However, the motion was *not* one for attorney fees but a motion to dismiss pursuant to CR 37.02(2) for failure to comply with the trial court's order to respond to written discovery requests and CR 41.02 "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court[.]" Furthermore, the $500 was "an alternative sanction" and not an award of attorney fees.

Under CR 37.02, the trial court may sanction a noncompliant party in a myriad of ways, including dismissal and ordering a party, counsel, or both, to "pay the reasonable expenses, including attorney's fees, caused by the failure[.]" A trial court "has broad discretion in addressing a violation of its order[s]"

-8-

regarding discovery, and we review the trial court's determination of the sanction for abuse of that discretion. *Wilson v. Commonwealth*, 381 S.W.3d 180, 191 (Ky. 2012). In the case herein, the trial court entered a four-page opinion and order with findings supporting its decision to impose a $500 fine as an alternative sanction. Our review reveals no abuse of discretion by the trial court in imposing monetary sanctions, and Johnson's argument that it was improper due to the Apartments' failure to comply with the local rule by filing an affidavit is a non sequitur.

## CONCLUSION

Therefore, and for the foregoing reasons, the orders of the Jefferson Circuit Court are AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Mark Joseph Smith
Louisville, Kentucky

BRIEF FOR APPELLEE:

Susan L. Maines
Patrick L. Schmeckpeper
Lexington, Kentucky