RENDERED: AUGUST 18, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0006-MR

JAMES GILBERT                                                                          APPELLANT

v.                      APPEAL FROM MADISON CIRCUIT COURT
                        HONORABLE COLE ADAMS MAIER, JUDGE
                        ACTION NO. 20-CI-00030

UPTON FAMILY INC. D/B/A
MARIO'S PIZZA                                                                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND GOODWINE, JUDGES.

ACREE, JUDGE: James Gilbert appeals the Madison Circuit Court's November 29, 2021 summary judgment in favor of Upton Family, Inc. He argues both that the grant of summary judgment was premature and that genuine issues of material fact remain. We find no error and affirm.

# BACKGROUND

In 2018, Kentucky was grappling with a statewide outbreak of Hepatitis A. The Madison County Health Department (MCHD) declared an outbreak of the virus on October 24, 2018, and subsequently recommended that everybody receive a Hepatitis A vaccination.

At that time, Upton Family, Inc. owned and operated Mario's Pizza, a restaurant in Berea, Kentucky. James Upton was president of the corporation. On January 8, 2019, the MCHD informed Upton Family, Inc. that a former employee tested positive for Hepatitis A. The employee worked at Mario's as a delivery driver from September 2018 until December 31, 2018.

On January 9, 2019, every Mario's employee received a Hepatitis A vaccination from MCHD. That same day, Mario's received a score of ninety-five following an unannounced health inspection, and the inspection report indicated Mario's complied with all foodborne illness prevention and hygiene practices – indeed, Mario's has always passed its health inspections. The restaurant also implemented a policy requiring all new hires to receive the Hepatitis A vaccine. As far as Upton Family, Inc. representatives know, no other Mario's employees tested positive for Hepatitis A, and MCHD has not linked any cases of Hepatitis A to the restaurant. MCHD released a public statement declaring the risk of Hepatitis A infection for those who ate at Mario's to be "very low."

On February 3, 2019, Gilbert and his family ordered two pizzas from Mario's. Rather than having the pizzas delivered, Gilbert's stepfather picked them up. Gilbert's family ate the pizzas while watching the Super Bowl; Gilbert and his stepfather shared one, while Gilbert's son and mother shared the other. According to his deposition testimony, Gilbert began to feel sick shortly after eating the pizza. Other than Gilbert, no one who ate the pizza became sick.

Gilbert went to the Saint Joseph emergency room in Berea on the morning of February 17, 2019 – two weeks after eating the pizza. There, he tested positive for Hepatitis A. Though Gilbert testified he began experiencing symptoms mere hours after eating the pizza, both Saint Joseph's medical records and a Madison County Health Department investigation report indicate he began experiencing Hepatitis A symptoms February 10. Saint Joseph transferred Gilbert to the University of Kentucky Hospital, where he was discharged on February 19, 2019. Gilbert received no follow up treatment after his discharge.

Gilbert filed suit against Upton Family, Inc., alleging Mario's negligently prepared and sold him food contaminated with Hepatitis A. Gilbert testified in his deposition that he did not go to any other store from November 1, 2018 to April 1, 2019, and that his mother does the grocery shopping for the whole family. He also testified he never left the town of Berea. He believes because

Mario's was the only source of his food consumption around the time he became sick, Mario's is the only possible source of his contracting Hepatitis A.

A year and a half after Gilbert brought suit but prior to the close of discovery, Upton Family, Inc. filed a motion for summary judgment, Gilbert responded, and the circuit court granted Upton Family, Inc.'s motion on November 29, 2021. Gilbert now appeals.

## ANALYSIS

The standard of review on appeal from a summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996); CR[1] 56.03. "The trial court must view the evidence in the light most favorable to the nonmoving party, and summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor." *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001) (citing *Steelvest v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480-82 (Ky. 1991)). However, "impossible," in the context of a motion for summary judgment, is "used in a practical sense, not in an absolute sense." *Perkins v. Hausladen*, 828 S.W.2d 652, 654 (Ky. 1992). "Because summary judgment involves only legal

---

[1] Kentucky Rules of Civil Procedure.

questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Lewis*, 56 S.W.3d at 436 (citing *Scifres*, 916 S.W.2d at 781).

First, Gilbert challenges the summary judgment on the basis that the circuit court granted it prior to the close of discovery, arguing trial judges must wait until discovery is finished before deciding whether to grant summary judgment. His belief is incorrect. Rather, "[i]t is not necessary to show that the respondent has actually completed discovery, but only that respondent has had an opportunity to do so." *Hartford Ins. Grp. v. Citizens Fid. Bank & Tr. Co.*, 579 S.W.2d 628, 630 (Ky. App. 1979). In *Hartford*, this Court determined six months between filing of the complaint and summary judgment to be a sufficient opportunity to either engage in discovery or inform the trial court why a ruling on summary judgment ought to be continued pursuant to CR 56.06. *Id.*

In this case, Gilbert filed his complaint on January 15, 2020, and Upton Family, Inc. timely filed its answer on February 4, 2020. On July 13, 2021, more than one year and five months after filing its answer, Upton Family, Inc. filed its motion for summary judgment. Between pleadings and the summary judgment motion, as Gilbert himself notes, the parties completed depositions of Gilbert, his father, and Mr. Upton, and the parties exchanged interrogatories and requests for production.

Furthermore, Gilbert was given until September 17, 2021, to file a response to Upton Family, Inc.'s July 13, 2021 motion and the motion was not scheduled to be heard until October 29, 2021. Gilbert had ample opportunity to conduct further discovery even after knowing exactly the basis of Upton Family, Inc.'s motion. The circuit court did not err in entering its judgment after twenty-one months of discovery.

Gilbert next challenges the judgment because, as he alleges, the circuit court failed to construe facts in a light most favorable to him. More specifically, he argues the MCHD's public declaration that there was a "low risk" of Hepatitis A infection for those who ate at Mario's means there was at least some risk of infection to those who ate there. He argues the circuit court was required to infer the possibility Mario's pizza caused his illness from his deposition testimony that Mario's was the only restaurant from which he consumed food around the time he became sick and that he never entered a gas station, convenience store, or grocery store during that period. We disagree that such an inference is required.

It need not be literally impossible for Gilbert to prevail at trial for summary judgment to be granted. Rather, it must only be practically impossible based on the evidence gathered after an adequate opportunity to do so. *See Perkins*, 828 S.W.2d at 654. "It is beyond dispute that causation is a necessary element of proof in any negligence case." *Baylis v. Lourdes Hosp., Inc.*, 805

-6-

S.W.2d 122, 124 (Ky. 1991). Gilbert's evidence of causation is little if anything more than evidence he became ill after eating Mario's pizza. Unsupported by evidence, that is mere fallacious *post hoc*, *ergo propter hoc* logic – that because effect A happened after alleged cause B, B caused A. Such logic is never enough to establish causation. *See, e.g.*, *Abbott v. Federal Forge*, 912 F.2d 867, 875 (6th Cir. 1990) ("[P]*ost hoc, ergo propter hoc* is not a rule of legal causation.").

In its motion, Upton Family, Inc. cited several publications from the Centers for Disease Control and Prevention (CDC) explaining the nature of Hepatitis A infection and incubation, which the circuit judge relied upon when granting summary judgment. These materials say the Hepatitis A incubation period can range from a minimum of fifteen days to fifty days at the longest, though the incubation period is twenty-eight days on average. It is highly improbable that his contamination occurred on February 3, 2019, because the minimum incubation period for the disease would have necessarily begun a week before that Super Bowl Sunday, based on the onset of his symptoms.

Further, the Mario's delivery driver who tested positive for the virus left his job on December 31, 2018. Mr. Upton learned on January 8, 2019, that the former employee had Hepatitis A. Immediately thereafter, all Mario's employees received the Hepatitis A vaccine, and all new hires were required to obtain it as a

condition of their employment. The next day, employees thoroughly cleaned the restaurant and passed a surprise health inspection.

Conversely, Gilbert produced no evidence, other than his testimony that Mario's was the only restaurant that prepared food he consumed around that time, which demonstrated any alleged negligently prepared or handled food from Mario's caused his Hepatitis A infection. We find no error in the circuit court's grant of summary judgment, as Gilbert failed to demonstrate a causal link between his consumption of Mario's Pizza on Super Bowl Sunday and symptoms of his illness a mere one week later.

Gilbert contests the circuit court's reliance on the CDC materials attached to Upton Family, Inc.'s motion for summary judgment. He argues these materials were not of record and therefore were an improper factual basis for the circuit court's decision. He argues that a trial court is limited to "pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any" when evaluating motions for summary judgment. *See* CR 56.03. However, "on a motion for summary judgment the court is entitled to consider any evidentiary matter that has been presented to the court at any stage of the proceedings in the case." *Collins v. Duff*, 283 S.W.2d 179, 183 (Ky. 1955). This includes "exhibit[s] which [are] evidentiary in character[.]" *Daniel v. Turner*, 320 S.W.2d 135, 137 (Ky. 1959).

Gilbert does not argue directly that such publicly available information, even if equal to the quality of a medical treatise, is inadmissible hearsay; however, that is the import of his argument. But it is unavailing. In an early Kentucky opinion reviewing a summary judgment in favor of defendants, the concern was that the evidence of record "was in several respects hearsay." *Conley v. Hall*, 395 S.W.2d 575, 578 (Ky. 1965). The former Court of Appeals said, "Assuming that is true, we are not concerned with the *competency* of evidence" because the court was "examining [the] record for the sole purpose of determining whether an issue of material fact exists." *Id. But see Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 674 (D. Md. 1999), *aff'd,* 213 F.3d 632 (4th Cir. 2000) (unauthenticated medical treatises were inadmissible hearsay, and thus insufficient to preclude summary judgment).

Responding to Upton Family, Inc.'s evidence of the incubation period for Hepatitis A, Gilbert could have created a genuine issue of material fact by similar but countervailing publicly available evidence or, better yet, the affidavit of a physician supporting his position it was possible he contracted Hepatitis A just seven days before the onset of his symptoms, assuming such evidence exists. In the sixty days the circuit court allowed him to conduct additional discovery and respond to the motion, Gilbert failed to create that genuine issue. We find no error on the part of the Madison Circuit Court in granting summary judgment.

## **CONCLUSION**

For the foregoing reasons, we affirm.


ALL CONCUR.



BRIEF FOR APPELLANT:

Jud Patterson
Richmond, Kentucky

BRIEF FOR APPELLEE:

J. Stan Lee
Katie Bouvier
Lexington, Kentucky